## J. C. Barlow v. Mary McDowell.

### Gen. No. 4,475.

1. FORFEITURE—*when cannot be enforced in equity.* Forfeiture is a harsh remedy, and in equity must yield to the principle of compensation, where fair dealing and conscience seem so to demand. Where time is stated to be of the essence of a contract to convey land, if the parties treat the time clause as waived or suspended, one of them cannot suddenly insist upon a forfeiture, but must, in order to then avail himself of it, give reasonable, definite and specific notice of his changed intention.

2. DECREE—*when appellee cannot question. size of.* The appellee cannot question the size of a decree where she has assigned no cross-errors.

3. GENERAL PRAYER FOR RELIEF—*when money decree proper under.* Under a bill praying for specific performance of an agreement and which contained no special prayer for a money decree, a money decree is proper under the general prayer for relief.

4. SWORN ANSWER—*need not always be overcome by evidence equivalent to two witnesses.* The details of the allegations contained in a sworn answer (such answer being required by the bill) not essential to have been set up, need not be overcome by evidence equivalent to the testimony of two witnesses.

Bill for specific performance. Appeal from the Circuit Court of La Salle County; the Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

PAUL R. CHUBBUCK and McDOUGALL & CHAPMAN, for appellant.

ARTHUR H. SHAY, for appellee.

Barlow v. McDowell.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a bill filed in the court below by Mary Mc-Dowell against J. C. Barlow for specific performance of a contract made by Barlow to convey certain real estate in Streator to Mrs. McDowell, which contract the bill alleged Barlow had wrongfully declared forfeited. Barlow answered claiming a state of facts which authorized him to declare the forfeiture, and also that since declaring the forfeiture and taking possession of the property he had made improvements upon the premises. The cause was referred to a master to take and report proofs with his conclusions. The master reported the proofs and a detailed statement of the facts and his conclusion that but for the making of said improvements upon the premises by Barlow since he took possession, Mrs. McDowell would be entitled to specific performance; but that it would be inequitable to grant specific performance under the circumstances, and that in lieu thereof Mrs. McDowell should have a money decree for the difference between the amount she still owed for the premises and the value of the property at the time she tendered him what she claimed was the balance due and demanded a deed, which difference the master upon amending his report found to be $142.01. The court overruled exceptions to this report and entered a decree for complainant for $142.01 and costs. This is an appeal by Barlow from that decree.

The bill did not waive answer under oath. Appellant's answer was under oath. The contract was made December 29, 1888. The contract price was $600. Appellee was then sixty-seven years of age, and had had numerous dealings before that with appellant. The proof seems to show that $600 was a very high price for the property at that time. Three hundred and five dollars was accepted as cash in hand by transfer of other property. The contract required appellee to pay $6 per month thereafter till the purchase price was paid, with interest at 8 per cent. The interest was afterwards reduced, by an indorsement upon the contract. From the date of the contract to May 10, 1889,

appellee paid thereon $127.50, being much more than the contract required. From that date to April 15, 1895, she paid $51 and thereafter she paid nothing till she made the tender just before the commencement of this suit. The bill admitted failure to make payments pursuant to the contract, but averred that appellant had waived a strict performance by appellee of the conditions of the contract, and that he had told appellee that she need not further comply with the terms of the contract; that he had told her this in 1895, and many times since that date, and had told her that he would never declare a forfeiture of the contract or take any advantage of her failure to make such payments as long as she lived. Appellant denied in his answer that he had given appellee this assurance, but he therein admitted that payments had never been made or exacted in accordance with the terms of the contract, and that he had told appellee that as long as she lived on the premises he would not crowd her for the payments due, but expected her to make the payments as fast as possible. Appellee testified that she made the payments to him as long as she was able to do so, and then became ill and unable to pay any longer, and that she stated the facts to him, and that he told her not to mind, and said to her, " I won't trouble you; as long as you live you can stay there in possession, and if you die and your children will pay it they can have the property;" and that he told her that more than once. Appellant did not testify, and therefore did not deny this assurance. At one time appellee sold the premises to Rolston, and appellant signed the contract with her, but Rolston soon abandoned possession of the premises and his contract to buy, and appellee resumed possession. In the spring of 1902 appellee was very ill and her son who lived in Iowa removed her to his home, in order to care for her, and she was unable to return to this property until September, 1903. Her daughter leased the property to a tenant and collected from the tenant rent for two months and remitted it to appellee. Appellant then served notice of forfeiture and collected the rent from the tenant from that time till he left the

premises, and then took possession of the premises, and made the improvements referred to.

The contract authorized appellant to declare it forfeited and determined in case appellee failed to make any of the payments or perform any of the covenants on her part to be performed and made, and time was therein declared to be of the essence of the contract. Nevertheless, it does not admit of question that, even under the case stated by the answer, appellant had no right to declare a forfeiture when he did. " Forfeiture is a harsh remedy, and in equity must yield to the principle of compensation, where fair dealing and good conscience seem to so demand. Where time is stated to be of the essence of a contract to convey land, if the parties treat the time clause as waived or suspended, one of them cannot suddenly insist upon a forfeiture, but must, in order to then avail himself of it, give reasonable, definite and specific notice of his changed intention." Eaton v. Schneider, 185 Ill. 508. It follows that in a court of equity appellant acquired no rights by his declaration of forfeiture.

Appellee argues that she was entitled to a specific performance, and also that if a money decree was to be entered in her favor it should have been for a larger sum, but as she has not assigned cross-errors, those claims are not presented for decision. Appellant argues that, as the prayer of the bill was for specific performance, the court had no authority to render a money decree. The bill prayed for " such other and further relief as equity may require and to the court shall seem meet." It was held in Cushman v. Bonfield, 139 Ill. 219, that under a bill praying for specific performance of an agreement, and which contained no specific prayer for a money decree, a money decree was proper, where the bill contained also a general prayer for relief.

Appellant claims that in ascertaining the amount he shall be required to pay, the master and the court failed to credit him with the taxes he had paid upon this property during certain years, the contract having bound appellee

to pay all taxes legally levied upon the property. The bill alleged that appellee had paid all taxes on the property. The answer denied that appellee had paid all the taxes on the property, and followed this denial by an allegation that he had paid certain specified sums as taxes for certain specified years. Appellee testified that she paid all the taxes, but that on some occasions when she went to the tax collector to pay the taxes she found that appellant had already paid them, and that on every such occasion she went to appellant and paid him the money he had advanced for the taxes. Appellant did not testify, and therefore did not as a witness deny appellee's testimony on this subject. But appellant argues that as the bill required a sworn answer, and as he did state in his sworn answer that he paid these several sums for taxes for the years specified, the answer was such proof of that fact as could not be overcome merely by the testimony of appellee. We think this position unsound. The bill only charged that appellee had paid all the taxes, and when appellant answered, denying that she had paid all the taxes, and specifying certain years in which she had not paid them, he had fully answered that allegation. His specification of details of years and amounts when he had paid the taxes was not called for by the bill, and therefore did not in our judgment, constitute evidence in his behalf. Proof was made by appellant by a public officer that an examination of the tax records showed that for certain years appellant's name appeared upon the record as having paid all the taxes; but that did not disprove appellee's testimony that she in every case refunded the taxes to him. But even if the answer had to be overcome as to those details by evidence equivalent to two witnesses, there was other evidence besides that of appellee bearing upon the question. Appellant was accustomed to indorse upon appellee's contract not only payments made by her, but also moneys expended by him, and the proof showed that he had that contract in his possession on a number of occasions since he claimed to have paid these taxes. He did not indorse upon the contract the payments so made by

him for taxes.   When he was visited by appellee and her solicitor after her return from Iowa, and a tender was made to him, he did not suggest that there was anything due him for taxes he had paid.   We are of opinion the master correctly decided to reject his claim that there was anything due him for money advanced for taxes.

We find no reversible error in the decree.   It is therefore affirmed.

*Affirmed.*