MAYWOOD PROVISO STATE BANK, Plaintiff-Appellant, v. YORK STATE BANK AND TRUST COMPANY, as Trustee, *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—92—0567

Opinion filed August 11, 1993.

Michael B. Mann, of Zavislak & Mann, Ltd., of Oak Brook, for appellant.

Greenberg, Keele, Lunn & Aronberg, of Chicago (Nathan H. Lichtenstein and William C. Wilder, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Maywood Proviso State Bank, filed a complaint against defendants, York State Bank and Trust Company, as trustee under Trust number 1000 (York), and First Colonial Bankshares Corporation (First Colonial), defendant York's holding company, for specific performance of a contract between plaintiff and defendants which provided that defendant York was to sell a branch bank facility to plaintiff. Plaintiff and defendants filed cross-motions for summary judgment. This is an appeal of the trial court's grant of defendants' motion for summary judgment and its denial of plaintiff's motion for summary judgment. We affirm.

The issues before this court for review are (1) whether the trial court erred in granting defendants' cross-motion for summary judgment and (2) whether the trial court erred when it failed to grant plaintiff's motion for summary judgment.

This case involves a contract between plaintiff and defendants which provided that plaintiff would purchase a branch bank facility (bank) located at 4830 Butterfield Road in Hillside, Illinois, from defendant York. The contract and its rider were drafted by plaintiff and were accepted by defendant York on November 8, 1990.

The trial court's interpretation of paragraph 4 of the rider and condition 7 of the contract are at issue in this appeal. Paragraph 4 of the rider makes the following provision:

"4. This contract is contingent on the following condition precedents:

(a) Purchaser to obtain any and all federal and state regulatory agency approvals for the establishment and operation of a branch bank within sixty (60) days of the Seller's acceptance.

(b) Purchaser shall obtain, at Purchaser's sole expense, a Phase I Environmental Audit within thirty (30) days of Seller's acceptance; Purchaser shall have seven (7) days after the receipt of a written assessment report to waive this contingency or cancel the Contract."

In addition, condition 7 of the contract provides: "Time is of the essence."

The following fact scenario occurred. Soon after the parties signed the contract, defendant York's real estate broker, Thomas Conrardy, asked plaintiff's broker, Thomas Daniels, to provide him with information regarding the necessary regulatory approvals. Daniels assured Conrardy that the requisite regulatory approvals had been obtained. Conrardy requested copies of the requisite approvals, but he never received the papers from Daniels.

Conrardy also had several conversations with defendant York's attorney, Andrew S. Williams, from late December 1990 through January of 1991. During those conversations, Conrardy and Williams discussed the closing of the transaction. Upon one occasion, Williams asked Conrardy to obtain copies of the regulatory approvals so that he could obtain title and survey and arrange a closing. Conrardy informed Williams that the requisite approvals had been secured but that he had been unable to obtain copies of these approvals from Daniels.

On January 10, 1991, Conrardy advised Williams to contact Gregory Catrambone, plaintiff's attorney, and ask him for copies of the regulatory approvals and to schedule the closing. Williams telephoned Catrambone's office on January 18, 1991, and again on January 22, 1991, at which time he spoke to Catrambone's partner, Kenneth Nannini. Nannini told Williams that Catrambone was on vacation but he proceeded to discuss the transaction with Williams. Nannini informed Williams that plaintiff's office file contained an approval of the proposed bank purchase from the Illinois Commissioner of Banks and Trust Companies, but did not contain an approval from the Federal Deposit Insurance Corporation (FDIC). Nannini told Williams that he would contact his client regarding the requisite FDIC approval and send Williams copies of the other relevant documents so that Williams could order title and survey. Nannini never forwarded any of the documents to Williams or contacted him to explain his failure to do so.

On January 31, 1991, Williams telephoned Catrambone because he had not received any documents from Nannini. During this conversation, Catrambone told Williams that he had applied for FDIC approval on behalf of plaintiff "a few days ago" and that said approval could not be obtained prior to February 21, 1991. Catrambone informed Williams that plaintiff would be unable to close before February 21, 1991, and suggested that the parties reschedule the closing for a date around the end of February, which would delay the closing almost a month.

On February 1, 1991, defendant York notified plaintiff by letter that the contract had terminated "by its own terms for failure of the Purchaser to perform its duties under Paragraph 4(a) of the Rider."

After receiving this letter, Catrambone telephoned Williams on February 4, 1991, and for the first time offered to waive the regulatory approval requirement as a condition precedent to the contract. Defendant York rejected Catrambone's offer on the basis that the contract had already terminated.

On February 9, 1991, plaintiff filed a complaint for specific performance. On April 15, 1991, defendant York filed a motion to dismiss on behalf of itself and defendant First Colonial, pursuant to section 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619.) This motion was denied.

Later, the parties filed cross-motions for summary judgment. On January 17, 1992, the trial court granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment. The trial court found that the contract terminated as a matter of law on January 7, 1991, due to plaintiff's failure to satisfy the condition precedent of regulatory approval and that in any event, the contract had formally ended on February 1, 1991, when defendant York notified plaintiff that the contract had been terminated. The trial court also found that plaintiff's attempt to waive the condition precedent of FDIC approval on February 4, 1991, was ineffectual.

The first issue before this court is whether the trial court erred in granting defendants' motion for summary judgment. Plaintiff contends that the trial court erred in granting defendants' motion for summary judgment because said ruling was based (1) upon the trial court's erroneous finding that the contract had been terminated; and (2) upon its improper enforcement of the "time is of the essence provision" in favor of defendants. Plaintiff alleges that the trial court's grant of defendants' motion constituted a judicial forfeiture.

Defendants maintain that the trial court's grant of defendants' motion for summary judgment was correct because the contract terminated (1) since plaintiff failed to satisfy the condition precedent of obtaining Federal regulatory approval for the transaction; (2) because plaintiff did not waive said condition precedent prior to the termination of the contract; and (3) because defendant York enforced the "time is of the essence" provision when it mailed the letter dated February 1, 1991, notifying plaintiff that the contract had terminated. We agree.

Summary judgment is appropriate when the pleadings, depositions, admissions and affidavits in the record present no genuine issue

of material fact. Ill. Rev. Stat. 1989, ch. 110, par. 2—1005; *Spencer v. Riordan* (1992), 240 Ill. App. 3d 938, 944, 608 N.E.2d 432, 437; *Palomar v. Metropolitan Sanitary District* (1992), 225 Ill. App. 3d 182, 188, 587 N.E.2d 1067, 1071.

In the present case, the trial court did not err when it granted defendants' motion for summary judgment because no questions or genuine issues of material fact existed since the parties did not disagree concerning any material facts of the case. *Cf. Wagener v. Papie* (1993), 242 Ill. App. 3d 354, 361, 609 N.E.2d 951, 956.

■ First, the trial court properly concluded that the contract terminated because the condition precedent of obtaining FDIC approval for the transaction had not been fulfilled. A "condition precedent" is defined as an event which must occur or an act which must be performed by one party to an existing contract before the other party is obligated to perform. (*McKee v. First National Bank* (1991), 220 Ill. App. 3d 976, 983, 581 N.E.2d 340, 345; *McAnelly v. Graves* (1984), 126 Ill. App. 3d 528, 532, 467 N.E.2d 377, 379.) The obligations of the parties end in the event that a condition precedent is not satisfied. (*McKee*, 220 Ill. App. 3d at 983, 581 N.E.2d at 345.) This is what happened in the present case. Approval from the FDIC constituted a condition precedent to the closing pursuant to paragraph 4(a) of the rider, which explicitly provides that the purchaser must obtain "*any* and *all* federal and state regulatory agency approvals for the establishment and operation of a branch bank within sixty (60) days of the Seller's acceptance." (Emphasis added.) Under the terms of the contract, plaintiff was to have obtained *all* Federal and State regulatory approvals for the purchase of the bank on or before January 7, 1991, which was 60 days after defendant York accepted the contract. The record shows that plaintiff had failed to obtain FDIC approval for the transaction. Accordingly, the trial court's holding that the contract terminated as a matter of law on January 7, 1991, was correct.

■ Second, we find that the trial court correctly held that plaintiff did not make a timely waiver of the aforementioned condition precedent. The record shows that plaintiff failed to request an extension of time from defendant York prior to January 7, 1991, the date on which the contract required the condition precedent to be satisfied. The record also shows that plaintiff did not offer to waive said condition prior to defendants' termination of the contract on February 1, 1991. Instead, plaintiff's *attempted* waiver occurred *after* the contract had already been terminated on the basis that plaintiff failed to obtain timely FDIC approval, and thus failed to satisfy a condition precedent to the contract. Accordingly, the trial court's ruling, that plaintiff's at-

tempt to waive the condition on February 4, 1991, took place after the contract had already terminated and was therefore ineffectual, was correct.

Plaintiff argues that the trial court's grant of summary judgment for defendants was erroneous since it had previously held that the condition precedent was effectively waived. The trial judge made the following statement during an earlier hearing on defendants' motion to dismiss: "To my view, this is a condition precedent which is completely for the protection of the purchaser. Surely it's waiveable. It was indeed waived here, counsel's motion to dismiss is denied."

We are not convinced by this argument. Defendant York's motion to dismiss was addressed solely to the sufficiency of the pleadings. As a result, the court was required to assume that all well-pleaded facts were true. (See *Porter v. Urbana-Champaign Sanitary District* (1992), 237 Ill. App. 3d 296, 299, 604 N.E.2d 393, 396.) The trial judge did not make a finding of fact when he ruled on plaintiff's motion to dismiss. (See *Catlett v. Novak* (1987), 116 Ill. 2d 63, 68, 506 N.E.2d 586, 589 (the denial of a motion to dismiss does not constitute a final judgment on the merits).) The record shows that the trial judge denied the motion to dismiss because upon examining the pleadings, he believed that there were disputed issues of material fact. Further discovery, together with the affidavits filed in the cross-motions for summary judgment, however, led the trial court to the correct conclusion that no genuine issue of material fact existed and that no waiver had occurred.

■ Third, we find that the trial court properly held that defendants' enforcement of the "time is of the essence" provision in condition 7 of the contract was proper. Parties to a contract may make "time is of the essence" a provision of the contract. (*Hart v. Lyons* (1982), 106 Ill. App. 3d 803, 805, 436 N.E.2d 723, 725-26.) A court will give effect to this provision when no peculiar circumstances have intervened to prevent or excuse strict compliance. (*Hart,* 106 Ill. App. 3d at 805, 436 N.E.2d at 725-26.) The extent to which a court will enforce a "time is of the essence provision" depends upon the intent of the parties as determined by language used in the contract and the circumstances surrounding the agreement. *Cantrell v. Kruck* (1975), 25 Ill. App. 3d 1060, 1064, 324 N.E.2d 260, 263.

Upon examining the language used in the subject contract and the circumstances surrounding the agreement, we find that the trial court's enforcement of the "time is of the essence provision" was proper. Defendant York repeatedly requested that plaintiff forward

copies of the requisite regulatory approvals to it so that it could proceed to obtain title and survey and set a closing date. Despite defendant York's requests, plaintiff failed to send defendant copies of the regulatory approvals. In addition, plaintiff informed defendant York that it had failed to apply for FDIC approval and that it wanted to delay the closing until the end of February. Defendant York then notified plaintiff that the contract had been terminated. Plaintiff's attempted waiver occurred after defendant York notified it that the contract had terminated by its own terms. There was no evidence that any peculiar circumstances intervened to excuse or prevent plaintiff's strict compliance with the condition precedent. All of defendant York's actions were consistent with its intention to enforce the "time is of the essence" clause. Accordingly, there is no indication that the trial court erred in its ruling concerning the trial court's finding regarding condition 7.

 Plaintiff argues that the denial of its motion for summary judgment resulted in a judicial forfeiture. We disagree. The contract terminated due to plaintiff's failure to satisfy a condition precedent. The contract was contingent on the satisfaction of two conditions precedent. The condition which is the basis of this appeal required plaintiff to obtain any and all Federal and State regulatory agency approval for the establishment and operation of a branch bank by January 7, 1991. No forfeiture occurred. See *Rogers v. Balsley* (1993), 240 Ill. App. 3d 1005, 1011, 608 N.E.2d 1288, 1292; *McKee v. First National Bank* (1991), 220 Ill. App. 3d 976, 983, 581 N.E.2d 340, 345.

We conclude that no genuine issue of material fact existed which would have barred the trial court from granting defendants' motion for summary judgment. The record shows that plaintiff failed to obtain the requisite approval of a Federal regulatory agency for the transaction within the time period provided in the contract. It is also undisputed that defendant York notified plaintiff that it was enforcing the contract and that the contract had terminated. Furthermore, there is no question that plaintiff attempted to waive the condition precedent of regulatory approval after it received defendant York's letter terminating the contract. This court must enforce a valid contract. (*Newcastle Properties, Inc. v. Shalowitz* (1991), 221 Ill. App. 3d 716, 722, 582 N.E.2d 1165, 1168.) A court cannot revise a contract and give a litigant a better bargain than he himself made. (*Newcastle Properties, Inc.*, 221 Ill. App. 3d at 722, 582 N.E.2d at 1168.) Accordingly, we affirm the trial court's grant of summary judgment to defendants.

The second and final issue before this court is whether the trial court erred in denying plaintiff's motion for summary judgment. We find that the trial court properly denied plaintiff's motion for summary judgment.

Summary judgment is appropriate only where the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005; *Spencer v. Riordan* (1992), 240 Ill. App. 3d 938, 944, 608 N.E.2d 432, 437.) When all parties move for summary judgment, the court is invited to decide the issues thus presented as a question of law and entry of summary judgment for one party or the other is proper. *Spencer,* 240 Ill. App. 3d at 944, 608 N.E.2d at 437.

Illinois case law dictates that specific performance may only be granted in cases where the movant demonstrates that it has complied with *all* of the terms of the contract or that it was ready, willing and able to comply with the contract terms but was prevented from doing so by the other party's conduct. (*Beesley Realty & Mortgage Co. v. Busalachi* (1963), 28 Ill. 2d 162, 165, 190 N.E.2d 715, 716.) A party's failure to perform a condition precedent prior to the agreed-upon closing date defeats any claim it may have for specific performance. *Downers Grove Association v. Red Robin International, Inc.* (1987), 151 Ill. App. 3d 310, 316, 502 N.E.2d 1053, 1058.

In light of the above-cited case law and our opinion and conclusion regarding the previous issue, we conclude that plaintiff did not have a clear legal right to summary judgment; thus, the trial court's denial of plaintiff's motion for summary judgment was proper.

For the aforementioned reasons, we affirm the judgment of the circuit court.

Affirmed.

CERDA and GREIMAN, JJ., concur.