## Lemuel Hudson v. Lewis Shepard and Noble Andrews.

1. Commercial Paper—*Indorsements " Without Recourse."*—The legal title of commercial paper can be as effectually transferred by an indorsement " without recourse " as by an unqualified indorsement.

2. Forfeitures—*Defined.*—A forfeiture means the loss of something as a penalty for doing or omitting to do some certain required act.

3. Same—*Odious to Courts.*—Forfeitures are odious to courts and are never enforced except when they are definitely contracted for, and nothing is done by the party for whose benefit they are made, to mislead the other to his injury.

Attachment.—Appeal from the Circuit Court of Clay County; the Hon. Trumann E. Ames, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

Bonney & Rose, attorneys for appellant.

G. A. Hoff, attorney for appellees.

Mr. Justice Worthington delivered the opinion of the court.

This is a suit in attachment, the declaration averring that defendants are indebted in the sum of $250 for money had

and received. Plea of general issue, trial by the court, and judgment for defendants.

The controversy grows out of negotiations for the purchase of forty acres of land by appellant from appellees. During these negotiations, and as a part payment on the land, appellant gave to appellees his check for $200, which amount appellees collected. The sale was not completed through a disagreement in reference to a $500 note which was to be part payment on the land. This suit is to recover the $200 so paid. The consideration for the land was to be $1,200, of which $700 was to be paid in cash, and $500 paid by a note of James Stokes and Richard Stokes as makers, to John G. Slater, payee. The note was indorsed " without recourse" by Slater. The disagreement in the first place, seems to have been as to the limited indorsement of Slater, appellees claiming that the note was to be indorsed without qualification by Slater, while appellant claims that it was to be received by appellees as he received it, indorsed from Slater, " without recourse."

There was also a disagreement as to whether or not appellant was to indorse the note, but as he finally offered to indorse it, this disagreement is not material. There are other differences respecting the financial ability of the Stokes, and of appellant, and as to representations with reference to such ability. Appellees claim to hold the $200 as a forfeit, for failure to complete the trade on the part of appellant. It does not appear in evidence that appellant at any time specifically agreed that the Stokes note should be secured by Slater's indorsement. The legal title to the note would be as effectually transferred by Slater's indorsement without recourse, as by an unqualified indorsement. Nor is it shown by the evidence that the makers of the Stokes note were not responsible, or that appellant, as an indorser, was not responsible.

Appellees executed the deed and left it at the bank to be delivered upon payment of $1,000 in cash, which, with the $200 received, would make up the purchase price. There is no evidence that $1,200 in cash was to be paid, but instead of this, it was to be $700 in cash and the balance in a note

for $500.   Nor is there evidence that the $200 was either paid or received as a forfeit, to be retained by appellees if appellant failed to complete his contract.   It was simply a part advance payment on the land at a time when it seemed that the trade would be consummated.

Forfeits are not favored in law.

" A forfeiture means the loss of something as a penalty for doing or omitting to do a certain required act." Am. & Eng. Ency., Vol. 8, p. 443.

" Forfeitures being odious to courts, are never enforced except when they are definitely contracted for, and when nothing is done by the party for whose benefit they are made to mislead the other to his injury." U. S. Life Ins. Co. v. Ross, 159 Ill. 486.

Nor are we able to see from the evidence how appellant can be held to be in default.   It is clear that the Stokes note was the $500 note referred to.   It is also clear that appellant offered to secure the Stokes note by indorsing it, whether or not this was a part of the original agreement. There is no evidence tending to show that the note was not good if unindorsed by appellant, and there is evidence by McCollom, cashier of the Louisville bank, and called by appellees as a witness, that with appellant's indorsement, it was a good, or, as he puts it, a " gilt edge " note.

Under these conditions we fail to see why appellant should not recover the $200 paid by him, appellees having refused to deliver deed except upon the payment of the entire purchase price in cash, which was not the agreement. Judgment reversed and case remanded.