409 So.2d 1085 (1982)
Lawrence C. STEWART, Jr., Appellant,
v.
Jesse P. MEHRLUST and Betty H. Mehrlust, His Wife, Appellees.
No. 81-1203.
District Court of Appeal of Florida, Second District.
January 15, 1982.
Rehearing Denied February 16, 1982.
*1086 Douglas H. Smith of Douglas H. Smith, P.A., Lake Alfred, for appellant.
Joe L. Sharit, Jr., of Straughn, Sharit, Bunn & Chilton, P.A., Winter Haven, for appellees.
SCHOONOVER, Judge.
Larry D. Stewart, Jr., one of the defendants below, has appealed from a final judgment entered against him and James Dickerson. We reverse.
On or about March 17, 1980, Mr. and Mrs. Jesse Mehrlust, appellees, entered into a contract for the sale of certain real estate to the appellant and James Dickerson. The agreement provided that the purchasers were to make a $10,000 deposit. At the time of execution of the contract, the purchasers failed to tender the deposit. However, the appellees signed the contract and were willing to proceed with the sale of the property. The buyers defaulted and the appellees brought suit for the amount of the deposit. The trial court entered judgment against the buyer for $10,000 plus interest and attorney's fees.
The contract provided:
U. DEFAULT: If Buyer fails to perform this Contract within the time specified, the deposit(s) paid by the Buyer aforesaid may be retained by or for the account of Seller as liquidated damages, consideration for the execution of this Contract and in full settlement of any claims; whereupon all parties shall be relieved of all obligations under the Contract; or Seller, at his option, may proceed at law or in equity to enforce his legal rights under this Contract.
When a real estate contract provides that if a sale is not closed because of the fault of the buyer, the deposit paid under the contract is to be retained by the seller, the seller cannot recover a deposit not actually made. Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980).
The appellant did not tender a deposit, so there was nothing to be retained by the sellers. Since appellee did not seek to recover the difference, if any, between the agreed purchase price and the actual value of the property at the time of the breach, judgment should have been entered for the appellant. See Campbell v. Salman.
We reverse and remand for the entry of a judgment for the appellant.
GRIMES, A.C.J., and OTT, J., concur.