JOSEPH E. SIEGEL, Plaintiff and Counterdefendant-Appellee, v. THE LEVY ORGANIZATION DEVELOPMENT COMPANY, INC., *et al.*, Defendants (Newcastle Properties, Inc., Counterplaintiff-Appellant).

First District (3rd Division)   No. 1—87—1684

Opinion filed April 26, 1989.—Rehearing denied May 24, 1989.

Schiff, Hardin & Waite, of Chicago (Roger Pascal, Paul E. Dengel, and Kevin D. Evans, of counsel), for appellant.

Braun & Rivkin, Ltd., of Chicago (Bernard L. Rivkin, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Counterplaintiff-appellant, Newcastle Properties, Inc. (Newcastle), appeals from a judgment of the circuit court of Cook County dismissing its counterclaim filed against counterdefendant-appellee, Joseph Siegel. On appeal, Newcastle argues that the trial court erred in finding that a paragraph in the purchase agreement was a stipulated damages provision and therefore an enforceable liquidated damages clause. We affirm.

On January 26, 1981, Siegel entered into a purchase agreement (Agreement) with The Levy Organization Development Company, Inc. (Levy), whereby he agreed to purchase a condominium apartment (condo) located in the 950 North Michigan Avenue building. The agreed purchase price was $1.6 million. As an earnest deposit, Siegel delivered to Levy an unconditional and irrevocable letter of credit in the amount of $320,000. Siegel later delivered another letter of credit for $41,751 to cover certain extras, that is, changes to the original specifications of the condo. This agreement was entered into prior to the completion of the condo.

Siegel viewed the condo in the summer of 1983. On October 21, 1983, he informed Levy that he was terminating the Agreement to purchase the condo. Levy then drew upon the letters of credit and retained $386,594. Levy further assigned to Newcastle all rights, titles, powers, privileges and beneficial interest to the condominium portion of the 950 North Michigan Avenue building. Siegel thereafter filed suit naming Newcastle as an additional party. Newcastle thereafter filed a verified counterclaim alleging that Siegel's termination of the Agreement was a breach thereof and that Newcastle sustained a loss of $405,157 when it had to resell the unit to another purchaser for $850,000.

Siegel filed a motion to dismiss Newcastle's counterclaim alleging that paragraph 12 of the Agreement contained a liquidated damages clause thereby precluding Newcastle from seeking any additional amounts from Siegel regardless of who defaulted under the agreement. The circuit court granted Siegel's motion to dismiss. This appeal followed.

Newcastle argues that paragraph 12 of the Agreement is not a liquidated damages clause because it does not stipulate an amount of damages. Thus, Newcastle concludes that paragraph 12 is nothing more than a penalty and is therefore unenforceable. We disagree.

■ In general, a party is only entitled to recover damages to the extent of his injury. (*J.F. Equipment, Inc. v. Owatonna Manufacturing Co.* (1986), 143 Ill. App. 3d 208, 217, 494 N.E.2d 516, 522.) Parties may specify a particular sum as liquidated damages in instances where damages are difficult to ascertain. Liquidated damages clauses do not limit a nondefaulting parties' remedies, but instead provide an agreed upon measure of damages. If the party who is not in default wishes not to demand the amount or remedy set forth in the liquidated damages clause, that party will not be forced to do so. Failure to demand a contractual right, however, does not create rights greater than those bargained for. If the nondefaulting party chooses to reject the liquidated damages clause, he does not have the right to seek a greater measure of damages than the amount bargained for. See *Northern Illinois Gas Co. v. Energy Cooperative, Inc.* (1984), 122 Ill. App. 3d 940, 947, 461 N.E.2d 1049, 1055.

■ Liquidated damages clauses are often entered into to avoid the difficulty of ascertaining and proving damages by such methods as market value, resale value or otherwise. Such agreements are binding. However, when the sole purpose of the clause fixing damages is to secure performance of the contract, the clause will be deemed a penalty provision and therefore unenforceable. *Stride v. 120 West*

*Madison Building Corp.* (1985), 132 Ill. App. 3d 601, 605, 477 N.E.2d 1318, 1321.

■ To ascertain whether a liquidated damages provision is merely a penalty and therefore void, it must be determined whether (1) the amount established is reasonable in light of the anticipated or actual loss caused by the breach and (2) a level of difficulty exists in proving that a loss has occurred, or in establishing the amount of the loss with reasonable certainty. *Pav-Saver Corp. v. Vasso Corp.* (1986), 143 Ill. App. 3d 1013, 1019, 493 N.E.2d 423, 427.

In the instant case, paragraph 12 provides as follows:

> "12. Performance. *** If purchaser defaults on any of Purchaser's covenants or obligations hereunder, then all sums theretofore paid to Seller (including without limitation earnest money and payments for Extras) by Purchaser shall be forfeited as liquidated damages and shall be retained by Seller."

■ We do not find, as Newcastle argues, that this provision does not stipulate an amount of damages. The agreement unequivocally states that "all sums theretofore paid" will be retained as liquidated damages. When this agreement was entered into, Levy and Siegel not only bargained for, but believed that the earnest money would be adequate to cover any potential losses and that the provision was valid and enforceable. Otherwise, the provision would reasonably not have been included in the agreement. The mere fact that the sum is not now what Newcastle claims to be its damages is not determinative. As the trial court correctly stated:

> "We have a contract that sets forth a specific amount as earnest money deposit, three hundred odd thousand dollars. Paragraph 12 specifically refers to that earnest money. Now certainly it says including without limitation, but it does refer to the earnest money deposit, so it's not only just saying all sums but it seems to me that the parties are specifically focusing in on at least the earnest money which is set forth in the contract and that is clear ***."

Thus, we conclude that the liquidated damages clause at issue does stipulate an amount of damages.

We also find that the liquidated damages clause is not a penalty provision. The record evinces that the earnest money as representing "all sums" paid is reasonable in light of any losses that could have been anticipated at the time of the contract. The record further evinces that it is reasonable to conclude that at the time of the contract, a liquidated damages clause was included to avoid the difficulty of ascertaining any losses in the event of a breach.

We therefore conclude that Newcastle's argument that the liquidated damages clause does not state a "sum certain" and that the provision is void as a penalty must fail. Accordingly, we affirm the decision of the trial court.

Affirmed.

FREEMAN, P.J., and WHITE, J., concur.