582 N.E.2d 1165 (1991)
221 Ill. App.3d 716
164 Ill.Dec. 221
NEWCASTLE PROPERTIES, INC., Plaintiff-Appellee,
v.
Sidney SHALOWITZ and Phyllis Shalowitz, Defendants-Appellants.
No. 1-90-1248.
Appellate Court of Illinois, First District, Fourth Division.
September 26, 1991.
Rehearing Denied November 20, 1991.
*1166 Torshen, Schoenfield & Spreyer, Ltd., Chicago (Jerome H. Torshen and Steven P. Garmisa, of counsel), for defendants-appellants.
Schiff Hardin & Waite, Chicago (James A. Clark, Barbara E. Hermansen, and Darren Van Puymbrouck, of counsel), for plaintiff-appellee.
Justice JOHNSON delivered the opinion of the court:
Defendants, Sidney and Phyllis Shalowitz, appeal the trial court's order granting plaintiff, Newcastle Properties, Inc. (hereinafter Newcastle), its motions for summary judgment (Ill.Rev.Stat.1983, ch. 110, par. 2-1005), and prejudgment interest, and denying defendants' motions for summary judgment and rehearing.
The following issues are before this court for review: (1) Whether the seller's recovery pursuant to a real estate contract that allows for the payment of earnest money by letter of credit, and contains a provision that the buyer shall forfeit "all sums theretofore paid to the Seller," is limited to the amount paid by the buyer on the date of default, where the contract permits the seller to draw upon the letter of credit in order to recover the amount as liquidated damages, and the seller failed to do so; (2) whether the liquidated damages provision of the real estate contract is ambiguous and should be construed against the drafter to limit the seller's remedy for the buyer's breach of contract; and (3) whether the "avoidable consequences" rule precludes the seller from suing for recovery of $109,500 in liquidated damages, and $33,135 in prejudgment interest, pursuant to a provision which limits the amount of liquidated damages to "all sums theretofore paid to Seller," because the seller failed to mitigate its damages by presenting and drawing upon the letter of credit before it expired.
We reverse.
BACKGROUND
Defendants agreed to purchase condominium unit 36D (hereinafter purchase agreement) in the building known as "One Magnificent Mile," located at 950 North Michigan Avenue in Chicago, Illinois. The seller was the LaSalle National Bank and Trust Company, as Trustee under Trust No. 100049. During the time when the events occurred that gave rise to this lawsuit, the Levy Organization Development Company, Inc. (hereinafter the Levy Organization) was the agent of the beneficiaries of LaSalle National Bank Trust No. 100049, who were the owners of One Magnificent Mile.
On November 1, 1983, the ownership interest of the residential portion of One Magnificent Mile was transferred to LaSalle National Bank Trust No. 103785. On December 31, 1985, Newcastle became the sole beneficiary of Trust No. 103785, and the successor-in-interest to the original owner of the property.
The Levy Organization prepared the purchase agreement. The Levy Organization and defendants executed the purchase agreement on May 10, 1982. Paragraph 12 of the purchase agreement states the following relevant provision:

"Performance. Time is of the essence of this Purchase Agreement. If Purchaser defaults on any of Purchaser's covenants or obligations hereunder, then, * * * all sums theretofore paid to Seller (including without limitation earnest money and payments for Extras) by Purchaser shall be forfeited as liquidated damages and shall be retained by Seller."
Under the terms of paragraph 2(a)(3) of the purchase agreement, defendants had the option to pay their earnest money in cash, or in the form of an unconditional and irrevocable letter of credit for the benefit of the Levy Organization, which would expire no earlier than 21 days after the estimated date of completion of the unit. Paragraph 2(a)(3) also provided that in the event the letter of credit expired prior to the closing date, defendants were obligated to either "[p]ay to Seller the amount of the Letter of Credit by cashier's or certified check," or deliver a replacement letter of credit 30 days prior to the expiration date of the original letter of credit. In addition, paragraph 2(a)(3) of the purchase agreement *1167 also specified that "[f]ailure by Purchaser to deliver such replacement Letter of Credit when required to do so shall entitle Seller to draw upon the Letter of Credit and hold and disburse the funds as earnest money hereunder."
Defendants posted an irrevocable standby letter of credit in the amount of $109,500 as an earnest money deposit. Defendants obtained the letter of credit from the Continental Illinois National Bank and Trust Company of Chicago (hereinafter Continental Bank) in December 1980.
A standby letter of credit requires the issuer (Continental Bank) to pay the beneficiary (plaintiff) a sum certain prior to the expiration of the note upon the presentation of documents specified in the purchase agreement which demonstrate that the parties who procured the letter's issuance (defendants) have defaulted. Pastor v. National Republic Bank of Chicago (1979), 76 Ill.2d 139, 147, 28 Ill.Dec. 535, 390 N.E.2d 894; Jupiter Orrington Corp. v. Zweifel (1984), 127 Ill.App.3d 559, 562, 82 Ill.Dec. 946, 469 N.E.2d 590; Stringer Construction Co. v. American Insurance Co. (1981), 102 Ill.App.3d 919, 922, 58 Ill.Dec. 59, 430 N.E.2d 1; First Arlington National Bank v. Stathis (1980), 90 Ill.App.3d 802, 807, 46 Ill.Dec. 175, 413 N.E.2d 1288; see also Byrne, An Examination of UCC Article 5 (Letters of Credit), 45 The Business Lawyer 1531 (1990); Givray, Letters of Credit, 45 The Business Lawyer 2387 (1990); Symons & White, Banking Law 204-06 (1984); Joseph, Letters of Credit: The Developing Concepts and Financing Functions, 94 Banking L.J. 816 (1977).
The standby letter of credit obtained by defendants in the instant case was drafted to expire on May 22, 1983. The estimated date of completion of defendants' condominium unit was October 10, 1983. Defendants extended the letter of credit to June 22, 1983. Defendants obtained this amended letter of credit in recognition of their obligation under the purchase agreement.
Thereafter, construction of defendants' unit was delayed beyond the original closing date. The Levy Organization notified defendants of this change. In a letter dated February 14, 1983, the Levy Organization reminded defendants that since their amended letter of credit would expire on June 22, 1983, it would either have to be extended at least 21 days beyond the estimated date of completion of their unit, or defendants would have to replace the original letter of credit with a substitute letter of credit 30 days prior to the expiration date of the original letter of credit, pursuant to the purchase agreement. The letter also stated that the Levy Organization would be "entitled to draw on the Letter of Credit" if defendants breached the contract.
Defendants responded by seeking to extend their amended standby letter of credit. Defendants executed a "Request For Amendment To Commercial Letter of Credit" at Continental Bank on June 20, 1983. Four days later, the Levy Organization contacted Sidney Shalowitz and informed him that it had not received written confirmation extending the expiration date of the amended letter of credit.
After defendant learned that the letter of credit had not been extended, he directed Continental Bank not to extend or renew the letter of credit. Defendant instructed Continental Bank in this manner on June 27, 1983. In July 1983, defendants informed the Levy Organization that they would not close on the unit or pay any of the money required by the purchase agreement.
The Levy Organization failed to present the $109,500 amended standby letter of credit prior to its expiration on June 23, 1983. At the time defendants breached the purchase agreement, they had only paid the Levy Organization $3,122 for "extras" under the contract. Defendants refused to pay any additional funds because they maintained that no further payment was required pursuant to the liquidated damages provision of the purchase agreement.
The Levy Organization retained the $3,122 and sued defendants for an additional $109,500 and $33,135 in prejudgment interest. The Levy Organization and defendants filed motions for summary judgment. *1168 (Ill.Rev.Stat.1983, ch. 110, par. 2-1005.) Plaintiff's motion was granted, and defendants' counter-motion was denied. The court awarded plaintiff $109,500, in addition to $33,135 in prejudgment interest. Defendants then filed this appeal.
OPINION

I
First, defendants contend that under the terms of the purchase agreement, $3,122 was properly forfeited as liquidated damages because that amount was "theretofore paid" on the date of the breach. Defendants maintain that they are not liable for $109,500, because that sum was payable only under the letter of credit prior to its expiration. Defendants rely upon Schek v. Chicago Transit Authority (1969), 42 Ill.2d 362, 247 N.E.2d 886, Abingdon Bank & Trust Co. v. Bulkeley (1945), 390 Ill. 582, 62 N.E.2d 447, Moscov v. Mutual Life Insurance Co. (1944), 387 Ill. 378, 56 N.E.2d 399, Joseph v. Carter (1943), 382 Ill. 461, 47 N.E.2d 471, Jones v. Seiwert (1987), 164 Ill.App.3d 954, 115 Ill.Dec. 869, 518 N.E.2d 394, National Tea Co. v. American National Bank & Trust Co. of Chicago (1981), 100 Ill.App.3d 1046, 56 Ill.Dec. 474, 427 N.E.2d 806, Rhoads v. Clifton, Gunderson & Co. (1980), 89 Ill.App.3d 751, 44 Ill.Dec. 914, 411 N.E.2d 1380, Epstein v. Yoder (1979), 72 Ill.App.3d 966, 29 Ill.Dec. 169, 391 N.E.2d 432, Walgreen Co. v. American National Bank & Trust Co. of Chicago (1972), 4 Ill.App.3d 549, 281 N.E.2d 462, Devco Development Corp. v. Hooker Homes, Inc. (Fla.App.1987), 518 So.2d 922, Makris v. Williams (Fla.App. 1983), 426 So.2d 1186, Stewart v. Mehrlust (Fla.App.1982), 409 So.2d 1085, Giammattei v. Egan (1949), 135 Conn. 666, 68 A.2d 129, Supreme Court Rule 366(b)(1)(i) (134 Ill.2d R. 366(b)(1)(i)), and the Restatement of Contracts (Second), § 212, comment d (1979).
Plaintiff maintains that defendants cannot succeed on their claims of forfeiture and waiver under Illinois law. Specifically, plaintiff maintains that defendants will not prevail for the following four reasons: First, the purchase agreement will not support a forfeiture; second, equity condemns defendants' conduct; third, the avoidable consequences rule will neither sustain defendants' forfeiture theory nor relieve them of their obligation to pay prejudgment interest on funds withheld for over 7 years; and fourth, defendants cannot allege that plaintiff knowingly and intentionally relinquished its right to the earnest money as is required to impose a waiver under Illinois law. Plaintiff relies upon Peck v. Chicago Railways Co. (1915), 270 Ill. 34, 110 N.E. 414, Jones v. Seiwert (1987), 164 Ill.App.3d 954, 115 Ill.Dec. 869, 518 N.E.2d 394, Bocchetta v. McCourt (1983), 115 Ill.App.3d 297, 71 Ill.Dec. 219, 450 N.E.2d 907, Hart v. Lyons (1982), 106 Ill.App.3d 803, 62 Ill.Dec. 697, 436 N.E.2d 723, Lempera v. Karner (1979), 79 Ill. App.3d 221, 34 Ill.Dec. 549, 398 N.E.2d 224, Aden v. Alwardt (1979), 76 Ill.App.3d 54, 31 Ill.Dec. 514, 394 N.E.2d 716, Epstein v. Yoder (1979), 72 Ill.App.3d 966, 29 Ill.Dec. 169, 391 N.E.2d 432, Parenti v. Wytmar & Co. (1977), 49 Ill.App.3d 860, 7 Ill.Dec. 618, 364 N.E.2d 909, Allstate Insurance Co. v. National Tea Co. (1975), 25 Ill.App.3d 449, 323 N.E.2d 521, Slavis v. Slavis (1973), 12 Ill.App.3d 467, 299 N.E.2d 413, Walgreen Co. v. American National Bank & Trust Co. of Chicago (1972), 4 Ill.App.3d 549, 281 N.E.2d 462, Hudson v. Shepard (1900), 90 Ill.App. 626, and Ford v. Illinois Refrigerating Construction Co. (1890), 40 Ill.App. 222.
The role of the court is to enforce a valid contract. (Joseph v. Carter (1943), 382 Ill. 461, 466, 47 N.E.2d 471.) "A court cannot remake a contract and give a litigant a better bargain than he himself was satisfied to make; and when the terms of a contract are clear and unambiguous, they must be enforced." (Walgreen Co. v. American National Bank & Trust Co. of Chicago (1972), 4 Ill.App.3d 549, 554, 281 N.E.2d 462; see also Abingdon Bank & Trust Co. v. Bulkeley (1945), 390 Ill. 582, 591, 62 N.E.2d 447; Lucas v. Beaton (1990), 201 Ill.App.3d 341, 346-47, 147 Ill. Dec. 20, 559 N.E.2d 20.) Whether or not an ambiguity exists is a matter of law for the court to determine. (National Tea Co. v. American National Bank & Trust Co. of Chicago (1981), 100 Ill.App.3d 1046, *1169 1049, 56 Ill.Dec. 474, 427 N.E.2d 806; Susmano v. Associated Internists of Chicago, Ltd. (1981), 97 Ill.App.3d 215, 219, 52 Ill. Dec. 670, 422 N.E.2d 879.) "The mere fact that the parties do not agree upon the meaning of the terms of a contract does not create an ambiguity." (Hickox v. Bell (1990), 195 Ill.App.3d 976, 990, 142 Ill.Dec. 392, 552 N.E.2d 1133.) "Where the question [before the court] involves one of contract construction, a court of review may ascertain the meaning of contract provisions from the instrument itself as a matter of law * * *." (Magnuson v. Schaider (1989), 183 Ill.App.3d 344, 357, 131 Ill.Dec. 753, 538 N.E.2d 1309; see also 134 Ill.2d R. 366(b)(1)(i); Rhoads v. Clifton, Gunderson & Co. (1980), 89 Ill.App.3d 751, 44 Ill.Dec. 914, 411 N.E.2d 1380; Restatement of Contracts (Second), § 212, comment d (1979).) "[C]ontract terms must be given their plain, ordinary, popular and natural meaning." Village of Glenview v. Northfield Woods Water & Utility Co. (1991), 216 Ill.App.3d 40, 48, 159 Ill.Dec. 569, 576 N.E.2d 238.
We consider case law from other jurisdictions when there is no law within this jurisdiction that addresses matters raised in a case at bar. In the instant case, we will rely upon Florida case law as there is no relevant case law in this jurisdiction. The Florida Appellate Court has held that a seller of real property may not recover as liquidated damages sums which have not been paid by the buyer. (Makris v. Williams (Fla.App.1983), 426 So.2d 1186; Stewart v. Mehrlust (Fla.App.1982), 409 So.2d 1085.) The Florida Appellate Court has also found that a seller of real estate who fails to present a letter of credit held in escrow prior to the letter's expiration is not entitled to the full amount of the letter in liquidated damages after the buyer defaults. Devco Development Corp. v. Hooker Homes, Inc. (Fla.App.1987), 518 So.2d 922, 923-24.
In Makris v. Williams, the parties entered into a real estate contract that required payment of $40,000 as earnest money. (Makris, 426 So.2d at 1187.) The contract also contained the following liquidated damages provision: "If buyer fails to perform any of the covenants of this contract, all money paid pursuant to this contract by buyer as aforesaid shall be retained by or for the account of the seller as consideration for the execution of this contract and as agreed liquidated damages and in full settlement of any claims for damages." (Emphasis in original.) (Makris, 426 So.2d at 1187.) The buyer's attorney made a representation to the sellers that he was holding $10,000 in escrow as partial payment of the earnest money. However, the buyer's attorney never received the funds. (Makris, 426 So.2d at 1188.) Shortly thereafter, the buyer refused to close the deal, and the seller sued the buyer for $40,000 in liquidated damages. (Makris, 426 So.2d at 1188.) The trial court held that the buyer was bound by his attorney's misrepresentation, and it ordered the buyer to pay the seller $10,000. Makris, 426 So.2d at 1188.
The buyer then appealed, alleging that the trial court erred when it ordered him to pay the seller $10,000. The seller contended the trial court should have awarded the requisite $40,000 down payment as liquidated damages. (Makris, 426 So.2d at 1188.) The appellate court affirmed the trial court's $10,000 judgment against the buyer. (Makris, 426 So.2d at 1188.) In addition, the court found that the seller was not entitled to $40,000 in liquidated damages because the buyer could only recover a sum that had already been paid. The court stated that "`[w]hen a real estate contract provides that if a sale is not closed because of the fault of the buyer, the deposit paid under the contract is to be retained by the seller, the seller cannot recover a deposit not actually made.'" Makris, 426 So.2d at 1188, citing Stewart v. Mehrlust (Fla.App.1982), 409 So.2d 1085, 1086.
Similarly, in Stewart v. Mehrlust (Fla. App.1982), 409 So.2d 1085, the real estate contract between the buyer and the seller had the following liquidated damages clause which is similar to the provision in the contract between the parties in the case at bar: "If Buyer fails to perform this Contract within the time specified, the deposit(s) paid by the Buyer aforesaid may be retained by or for the account of Seller *1170 as liquidated damages * * *." (Emphasis added.) (Stewart, 409 So.2d at 1086.) The contract in Stewart further provided that the buyers were obligated to pay $10,000 earnest money. The buyers failed to tender the earnest money. However, the sellers signed the contract and proceeded with the agreement even though the earnest money had not been paid. (Stewart, 409 So.2d at 1086.) Eventually, the buyers breached the contract and the sellers filed a complaint seeking recovery of the $10,000 unpaid earnest money as liquidated damages. The court in Stewart held that "[w]hen a real estate contract provides that if a sale is not closed because of the fault of the buyer, the deposit paid under the contract is to be retained by the seller, the seller cannot recover a deposit not actually made." (Emphasis added.) (Stewart, 409 So.2d at 1086.) The court went on to say that "[t]he [buyers] did not tender a deposit, so there was nothing to be retained by the sellers." Stewart, 409 So.2d at 1086.
Finally, in Devco Development Corp. v. Hooker Homes, Inc. (Fla.App.1987), 518 So.2d 922, the Florida Appellate Court addressed the issue of whether a seller of real property who fails to present a letter of credit held in escrow prior to the letter's expiration may obtain the full amount of the letter in liquidated damages after the buyer defaults. In Devco Development Corp., the contract between the buyer and the seller required the buyer to "deposit * * * an irrevocable bank letter of credit in the amount of $200,000." (Devco Development Corp., 518 So.2d at 923.) The contract also had a liquidated damages clause which made the following provision: "[I]n the event [the Buyer] defaults with respect to its obligations under this Contract, the * * * Letter of Credit held by the Seller on this contract may be taken and kept by the Seller as full liquidated damages." (Devco Development Corp., 518 So.2d at 923.) The trial court held that the letter was Devco's sole liquidated damage remedy, and that Devco relinquished its right to recover the amount of the letter of credit in liquidated damages by failing to take the requisite steps to collect upon the letter prior to its expiration. (Devco Development Corp., 518 So.2d at 923.) The appellate court affirmed the trial court's finding and held that the seller had no right to recover the proceeds of the letter of credit as liquidated damages because the seller failed to present the letter of credit before it expired. Devco Development Corp., 518 So.2d at 923-24.
In the instant case, we find that plaintiff is only entitled to retain the $3,122 paid to the Levy Organization prior to defendants' breach. Paragraph 12 of the purchase agreement provided that "all sums theretofore paid to [the] Seller," would be "forfeited as liquidated damages" and "retained" by the seller. (Emphasis added.) We are required to attribute the "plain, ordinary, popular, and natural meaning[]" to the terms of this purchase agreement. (Village of Glenview v. Northfield Woods Water & Utility Co. (1991), 216 Ill.App.3d 40, 48, 159 Ill.Dec. 569, 576 N.E.2d 238.) "In common usage, `paid' does not mean `payable.'" (Giammattei v. Egan (1949), 135 Conn. 666, 68 A.2d 129, 130.) The word "paid" is the past tense of the verb "to pay," while the word "payable" is an adjective which refers to sums which are owed but have not yet been paid. Giammattei, 68 A.2d at 130.
The aforementioned provision is an explicit liquidated damages clause. (See Siegel v. Levy Organization Development Co. (1989), 182 Ill.App.3d 859, 862, 131 Ill. Dec. 340, 538 N.E.2d 715.) "In general, Illinois courts give effect to liquidated damage provisions if the parties have expressed their agreement in clear and explicit terms, and there is no evidence of fraud or unconscionable oppression * * *." (Hartford Fire Insurance Co. v. Architectural Management, Inc. (1990), 194 Ill. App.3d 110, 115, 141 Ill.Dec. 64, 550 N.E.2d 1110.) In some instances, the amount of liquidated damages may exceed the amount of actual damages. In other cases, the amount of actual damages will exceed the amount established as liquidated damages. In the instant case, both parties agreed to accept this inherent risk when they agreed to include a liquidated damages provision in the purchase agreement. "[A] contract may be drafted in such a manner as to allow the forfeiture not only of a deposit actually made but, in addition, a deposit *1171 that was agreed to be made." (Brecker v. Furman (Fla.App.1987), 508 So.2d 514, 515.) However, a seller of real property may not recover as liquidated damages sums which have not been paid by the buyer, absent a contrary provision. Makris v. Williams (Fla.App.1983), 426 So.2d 1186, 1188; Stewart v. Mehrlust (Fla.App. 1982), 409 So.2d 1085, 1086; Brecker, 508 So.2d at 515.
Under the circumstances, we must enforce the liquidated damages provision of the purchase agreement because its terms are clear and unambiguous (see Village of Glenview v. Northfield Woods Water & Utility Co. (1991), 216 Ill.App.3d 40, 48, 159 Ill.Dec. 569, 576 N.E.2d 238), and there is no evidence of unconscionable oppression or fraud. (See Hartford Fire Insurance Co., 194 Ill.App.3d at 115, 141 Ill.Dec. 64, 550 N.E.2d 1110.) We cannot rewrite this contract and give plaintiff a better bargain than it was satisfied to make. (See Walgreen Co. v. American National Bank & Trust Co. of Chicago (1972), 4 Ill.App.3d 549, 554, 281 N.E.2d 462; Siegel, 182 Ill. App.3d at 862, 131 Ill.Dec. 340, 538 N.E.2d 715.) The parties could have drafted the purchase agreement to include a liquidated damages clause which provided for the forfeiture of all sums theretofore agreed to be paid by the buyer in the event that the buyer breached the contract. (See Brecker, 508 So.2d at 515.) The purchase agreement established the amount of liquidated damages as the amount "theretofore paid," (emphasis added) shall be "retained" by plaintiff, not the amount which would have been payable had plaintiff properly presented the letter of credit. In the instant case, the only amount "paid" and "retained" by plaintiff was $3,122 for extras. Plaintiff may not recover $109,500 from defendants because this sum was not "theretofore paid." Plaintiff failed to present the standby letter of credit before it expired. Accordingly, we find that plaintiff's recovery under the liquidated damages clause of paragraph 12 of the purchase agreement is limited to the amount paid by the buyer on the date of default.
In addition, we find plaintiff's waiver argument inappropriate. Plaintiff is correct that defendants in effect argue that plaintiff waived its right to collect $109,500 in liquidated damages under the letter of credit. Plaintiff maintains that it did not waive its right to collect the aforementioned sum. We disagree. A waiver constitutes an intentional relinquishment of a known right. (Lempera v. Karner (1979), 79 Ill.App.3d 221, 223, 34 Ill.Dec. 549, 398 N.E.2d 224; Allstate Insurance Co. v. National Tea Co. (1975), 25 Ill. App.3d 449, 461, 323 N.E.2d 521; Slavis v. Slavis (1973), 12 Ill.App.3d 467, 474, 299 N.E.2d 413.) One party which alleges that another party has waived its right must demonstrate by clear and unequivocal evidence that said party knowingly and intentionally relinquished its right. (Slavis, 12 Ill.App.3d at 474, 299 N.E.2d 413.) A right may be waived expressly or impliedly by conduct. (Hart v. Lyons (1982), 106 Ill. App.3d 803, 806, 62 Ill.Dec. 697, 436 N.E.2d 723.) We find that defendants have properly demonstrated that plaintiff knowingly and intentionally relinquished its right to collect $109,500 in liquidated damages. The record shows that plaintiff waived its right to collect the proceeds of the letter of credit. Plaintiff acknowledged that it could have avoided any loss by drawing upon the letter of credit in a letter to defendants dated February 14, 1983. Plaintiff stated that it could obtain the earnest money under the letter of credit at any time between May 22 and June 22, 1983, "if we do not receive the replacement Letter of Credit by thirty days prior to June 22, 1983 * * *." If plaintiff had mitigated its damages by presenting the letter of credit, $109,500 would have been "theretofore paid" and "retained." Having failed to present the letter of credit, plaintiff is not entitled to an award of $109,500 in damages.
Finally, plaintiff's argument that paragraph 12 of the purchase agreement is an illegal forfeiture provision and its citations of Jones v. Seiwert (1987), 164 Ill. App.3d 954, 115 Ill.Dec. 869, 518 N.E.2d 394, Bocchetta v. McCourt (1983), 115 Ill. App.3d 297, 71 Ill.Dec. 219, 450 N.E.2d 907, Aden v. Alwardt (1979), 76 Ill.App.3d 54, 31 Ill.Dec. 514, 394 N.E.2d 716, Epstein v. Yoder (1979), 72 Ill.App.3d 966, 29 Ill.Dec. 169, 391 N.E.2d 432, Parenti v. Wytmar & *1172 Co. (1977), 49 Ill.App.3d 860, 7 Ill.Dec. 618, 364 N.E.2d 909, and Hudson v. Shepard (1900), 90 Ill.App. 626, which enunciate the law with respect to forfeiture, are inappropriate. Paragraph 12 of the purchase agreement provides for defendants to forfeit "all sums theretofore paid" as liquidated damages in the event of a breach. Such provisions must be construed "strictly and narrowly." (Jones, 164 Ill.App.3d at 957, 115 Ill.Dec. 869, 518 N.E.2d 394.) Accordingly, we find that this liquidated damages provision does not constitute a contract forfeiture by plaintiff. Presentment of the letter of credit prior to its expiration was a condition precedent to plaintiff's being paid pursuant to the liquidated damages clause. Plaintiff failed to present the letter of credit prior to its expiration. Plaintiff's failure to satisfy this condition precedent and defendants' subsequent refusal to tender $109,500 does not constitute a contract forfeiture by plaintiff, nor does it render the liquidated damages clause illegal.
For the aforementioned reasons, we rule that plaintiff's retention of $3,122 was proper because that amount was "theretofore paid" on the date of the breach. However, defendants are not liable for $109,500, because that sum was payable only under the letter of credit prior to its expiration.

II
Next, defendants contend in the alternative that paragraph 12 of the purchase agreement is ambiguous because the forfeiture provision may be reasonably interpreted as meaning that only the $3,122 "theretofore paid" to plaintiff should be forfeited as liquidated damages. Defendants contend that this ambiguity should be construed against the drafter. Defendants rely upon Siegel v. Levy Organization Development Co. (1989), 182 Ill. App.3d 859, 131 Ill.Dec. 340, 538 N.E.2d 715, Carrico v. Delp (1986), 141 Ill.App.3d 684, 95 Ill.Dec. 880, 490 N.E.2d 972, and Susmano v. Associated Internists of Chicago (1980), 97 Ill.App.3d 215, 52 Ill.Dec. 670, 422 N.E.2d 879.
Plaintiff maintains that paragraph 12 of the purchase agreement does not limit its damages to an indeterminate sum paid for extras. Plaintiff also alleges that this court's ruling in Siegel supports the finding of the trial court, and that defendants' interpretation of the purchase agreement does not reflect the intent of the parties.
The primary objective of a court in construing a contract is to give effect to the intent of the parties. (Abingdon Bank & Trust Co. v. Bulkeley (1945), 390 Ill. 582, 591, 62 N.E.2d 447; Lucas v. Beaton (1990), 201 Ill.App.3d 341, 346, 147 Ill.Dec. 20, 559 N.E.2d 20.) Whether or not the terms of a contract are ambiguous is a matter of law for the court to determine. (National Tea Co. v. American National Bank & Trust Co. of Chicago (1981), 100 Ill.App.3d 1046, 1049, 56 Ill.Dec. 474, 427 N.E.2d 806; Susmano v. Associated Internists of Chicago, Ltd. (1981), 97 Ill.App.3d 215, 219, 52 Ill.Dec. 670, 422 N.E.2d 879.)
A contract will be considered ambiguous if it is "`one capable of being understood in more senses than one.'" (National Tea Co., 100 Ill.App.3d at 1049, 56 Ill.Dec. 474, 427 N.E.2d 806, citing Standard Steel & Wire Corp. v. Chicago Capital Corp. (1975), 26 Ill.App.3d 915, 919, 326 N.E.2d 33.) However, "[t]he mere fact that parties do not agree upon the meaning of the terms of a contract does not create an ambiguity." (Hickox v. Bell (1990), 195 Ill.App.3d 976, 990, 142 Ill.Dec. 392, 552 N.E.2d 1133.) Where there is no ambiguity in the terms used, "the instrument itself is the only criterion of the intention of the parties." Abingdon, 390 Ill. at 591, 62 N.E.2d 447; see also Lucas, 201 Ill.App.3d at 347, 147 Ill.Dec. 20, 559 N.E.2d 20.
In the instant case, we have already found that the liquidated damages provision in paragraph 12 of the purchase agreement is not ambiguous. The mere fact that plaintiff and defendants disagree with respect to the meaning of the terms of a contract does not mean that the contract terms are ambiguous. (See Hickox, 195 Ill.App.3d at 990, 142 Ill.Dec. 392, 552 N.E.2d 1133.) The express language of the purchase agreement has convinced us that no ambiguity exists.
Furthermore, plaintiff's argument that defendants' interpretation of the purchase *1173 agreement does not reflect the intent of the parties does not pass muster because where there is no ambiguity in the contract terms, "the instrument itself is the only criterion of the intention of the parties." (Emphasis added.) Abingdon Bank & Trust Co. v. Bulkeley (1945), 390 Ill. 582, 591, 62 N.E.2d 447.
Plaintiff's contention that this court's ruling in Siegel v. Levy Organization Development Co. (1989), 182 Ill.App.3d 859, 131 Ill.Dec. 340, 538 N.E.2d 715, supports the finding of the trial court has no merit. Siegel is distinguishable from the case at bar. In Siegel, the plaintiff contracted to purchase a condominium unit in the same building where defendants in the case at bar sought to purchase a condominium unit. (Siegel, 182 Ill.App.3d at 860, 131 Ill.Dec. 340, 538 N.E.2d 715.) As in the present case, paragraph 12 of the plaintiff's purchase agreement provided that "all sums theretofore paid to Seller" would be "forfeited" and "retained" as liquidated damages. In addition, Mr. Siegel posted two standby letters of credit as earnest money. Mr. Siegel then defaulted as defendants did in the instant case. However, Siegel is distinguishable from the case at bar because in Siegel, the sellers presented and drew upon the letters of credit before they expired. The proceeds of these letters of credit were "paid" prior to the closing date and "retained" as liquidated damages. Siegel does not address the question of whether a seller's recovery pursuant to a real estate contract which contains a provision that the buyer shall forfeit "all sums theretofore paid to the Seller," is limited to the amount paid by the buyer on the date of default, where the seller failed to draw upon the letter of credit to recover liquidated damages.
For the aforementioned reasons, we conclude that the liquidated damages provision of the purchase agreement is not ambiguous and that only the sum "theretofore paid" to plaintiff may be forfeited as liquidated damages.

III
Finally, defendants contend that the "avoidable consequences" rule precludes plaintiff from recovering the sums it could have obtained by mitigating its damages by presenting the letter of credit. Plaintiff maintains that paragraph 12 of the purchase agreement unequivocally establishes that $109,500 is the measure of damages to which it is entitled, and that this provision is consistent with this court's opinion in Siegel v. Levy Organization Development Co. (1989), 182 Ill.App.3d 859, 131 Ill.Dec. 340, 538 N.E.2d 715, and is consistent with defendants' own assertions at trial.
In light of our finding above, it is unnecessary for us to address the argument regarding the appropriateness of the application of the avoidable consequences doctrine.
For the aforementioned reasons, we reverse the trial court's decision.
Reversed.
LINN and McMORROW, JJ., concur.