RAYMOND TROCHELMAN *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF MAYWOOD, Defendant-Appellee.

First District (6th Division)   No. 1—92—2417

Opinion filed March 11, 1994.

Thomas F. McGuire, of Long Grove, for appellants.

Darlene Blaszcak, of Stanley Hill & Associates, of Chicago, for appellee.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

This is an appeal by four retired firefighters of the defendant Village of Maywood. They filed a complaint against the defendant alleging that the defendant had breached a collective bargaining agreement between the plaintiffs' union and the defendant by increasing the amount to be paid by the plaintiffs for insurance premiums. The plaintiffs alternatively claimed that the defendant was estopped to increase their insurance premiums. Both sides filed motions for summary judgment, and the trial judge granted the defendant's motion. The issues are whether the judge properly construed the collective bargaining agreement and whether the judge properly held that estoppel did not apply to the defendant under these facts.

There are two collective bargaining agreements involved. The first agreement was in effect from 1983 until 1986 which provided in part as follows:

"It is agreed by and between the parties that effective May 1, 1983, the provisions of: Associate Degree School Incentive ($200 per year), ambulance duty pay ($10.00/day/man), and Acting Officers Pay of ($15.00/day/man), shall be deleted from the contract. In lieu of these three benefits the Village agrees to pay 50% of the medical insurance in an amount not to exceed the cost normally paid by the Village on the date pensioned, for any employee receiving a pension pursuant to the Illinois Fireman's Pension Act. It is further agreed that the funds allocated for school incentive, ambulance duty, and Acting Officers shall be used to create a separate interest bearing trust fund and agency fund as a source for this benefit. Future allocations shall be budgeted on a line item basis each fiscal year toward this fund. The minimum budget allocation for the members of this Association shall amount to $11,400.00 per fiscal year. It is acknowledged that this fund needs time to build a surplus; therefore, the Association agrees that eligibility for this benefit will not become effective until May 1, 1985, and shall continue until the pensioned firefighter reaches age 65."

The second agreement, which was signed in 1987, contained a similar clause but was slightly more specific in that it provided that the "Village agrees to pay 50% of the medical insurance in an amount not to exceed the cost paid by the Village on the date pensioned."

According to the allegations of the complaint, which must be taken as true, subsequent to May 1, 1985, until about March 1, 1991, the plaintiffs began receiving a retirement pension and consistently paid the defendant a sum of approximately $115 per month for

medical insurance. On February 8, 1991, the plaintiffs were notified by the Village that as of March 1, 1991, the cost of the plaintiffs' medical insurance would rise from $115 per month to $583.49 per month. The complaint sought a declaratory judgment requiring the Village to pay any amount in excess of $115 per month for the plaintiffs' medical insurance and requiring the defendant to reimburse them for any amount the plaintiffs paid in excess of $115 per month from 1985 to 1991.

After the judge entered summary judgment for the defendant, the defendant subsequently filed a counterclaim alleging that the plaintiffs had been unjustly enriched because the Village had in fact paid more than $115 per month for each plaintiff from the time the plaintiffs were retired until March 1991. That counterclaim apparently is still pending.

Both parties contend that the agreements are unambiguous but, at the same time, both parties ask us to consider parol evidence. A contract is ambiguous only if its terms can reasonably be interpreted more than one way. (*Farm Credit Bank v. Whitlock* (1991), 144 Ill. 2d 440, 581 N.E.2d 664.) Ambiguity, however, is not necessarily present because the parties disagree on the meaning of the contract. (*Newcastle Properties, Inc. v. Shalowitz* (1991), 221 Ill. App. 3d 716, 582 N.E.2d 1165.) Whether a contract is ambiguous is a question of law to be decided by the court. We conclude that the agreements are not ambiguous, and we will not consider parol evidence.

■ Boiled down, the plaintiffs argue that the agreements mean that *they* were *never* to pay more than one-half the insurance payment due as of the date of their retirement. The defendant, on the other hand, argues that the agreements mean that the Village would never have to pay more than one-half the insurance payment due as of the date of each plaintiff's retirement. We agree with the defendant. A court may not remake a contract to give a litigant a better bargain than he himself was satisfied to make, and a contract must be enforced as written, not as one party later finds he would prefer it to be written. (*Johnson v. ServiceMaster Industries, Inc.* (1992), 254 Ill. App. 3d 353, 364-65.) The language of the agreement is clear; it specifically provides that the "*Village* agrees to pay 50% of the medical insurance in an amount not to exceed the cost paid by the Village on the date pensioned." (Emphasis added.) We conclude, therefore, that the judge correctly construed the agreements. We further conclude, contrary to the plaintiffs' argument, that the $11,400 fund was created to provide the funds from which the defendant would pay its 50% share. The agreement specifically provides that the fund "shall be used to create the separate interest-bearing trust

fund and agency fund as a source for *this benefit*." (Emphasis added.) It is clear that "this benefit" refers to the defendant's agreement to pay 50% of the medical insurance. It was not, as the plaintiffs contend, a fund which the parties contemplated would be used as a source of funds for the defendant to pay all increases in insurance premiums.

■ We turn now to the plaintiffs' claim that the defendant was estopped from terminating its 50% contribution of the premium, whatever it might be, because the defendant continued to pay for increased premiums from 1985 to 1991 and the plaintiffs relied on those payments.

Equitable estoppel has been defined as the effect of the voluntary conduct of a party whereby he is precluded from asserting rights which might otherwise have existed as against another party who has relied in good faith upon such conduct and has been led thereby to change his position for the worse. (*Willowbrook Development Corp. v. Pollution Control Board* (1981), 92 Ill. App. 3d 1074, 416 N.E.2d 385.) The doctrine of estoppel may not be invoked against a governmental agency except in extraordinary circumstances, especially where public revenues are involved. (*County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 405 N.E.2d 1376.) A finding of equitable estoppel against a public body may be invoked, however, where a party's action was induced by the conduct of municipal officers and where, in the absence of such relief, the party would suffer substantial loss. *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 171 N.E.2d 605.

It appears that some agents of the defendant mistakenly overpaid more than the defendant's share of the insurance premiums for almost six years. According to the plaintiffs' argument, these mistakes, therefore, created an estoppel. We disagree. Regardless of against whom estoppel is sought to be invoked, whether it be a government agency or a person, the party seeking to invoke estoppel must establish that he changed his position to his detriment. That the plaintiffs paid less than they should have obviously is not a detriment. For this reason, we conclude that the trial judge properly held that the defendant was not estopped to rely on the terms of the agreement and to restrict its payments to one-half of the amount of the premium due at the time each of the plaintiffs retired.

We wish to make our position clear that nothing we say in this opinion is to be construed as a holding one way or the other in the Village's claim for unjust enrichment, which still remains pending in the circuit court.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

RAKOWSKI and GIANNIS, JJ., concur.