113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The AEROSPACE CORPORATION, Plaintiff--counter-defendant--Appellant,
v.
COMDISCO, INC., Defendant--counter-claimant--Appellee.
The AEROSPACE CORPORATION,
Plaintiff--counter-defendant--Appellant-Cross-Appellee,
v.
COMDISCO, INC., Defendant--counter-claimant--Appellee-Cross-Appellant.
 Nos. 96-55149, 96-55150.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 16, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-05049-DT; Dickran M. Tevrizian, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, REVERSED IN PART.
 Before: MAGILL*, RYMER and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Because the parties are familiar with the factual and procedural background, we will not repeat it in detail here. The district court granted summary judgment in favor of Comdisco, Inc. ("Comdisco"), holding that The Aerospace Corporation ("Aerospace") is liable to pay rent to Comdisco under two personal property leases. The district court determined the amount of damages owed to Comdisco after a bench trial. Aerospace appeals, contending that it was entitled to summary judgment and, in the alternative, that questions of fact preclude granting summary judgment in Comdisco's favor. Both Aerospace and Comdisco contest certain portions of the district court's award of damages. We affirm the grant of summary judgment in favor of Comdisco and reverse certain portions of the district court's damages award.
 
 A.
 
 3
 We review a district court's grant of summary judgment de novo. Viewing the evidence in the light most favorable to the nonmoving party, we inquire whether genuine issues of material fact exist to preclude summary judgment. Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 343 (9th Cir.1995).
 
 
 4
 The Master Lease, the Computer Schedule and the Furniture Schedule are governed by Illinois law. Under Illinois law, "If a contract is unambiguous and contains no uncertain terms, interpretation of the contract is a question of law for the court and summary judgment based on the plain meaning of the contract is appropriate regardless of whether a party claims some other intent when the contract was drafted." Dribeck Importers, Inc. v. G. Heileman Brewing Co., 883 F.2d 569, 573 (7th Cir.1989) (citations and internal quotations omitted).
 
 
 5
 We agree with the district court that the Master Lease and Schedules are unambiguous and require Aerospace to perform an option from the provision entitled "End of Term Options" before any termination of the Schedules by Aerospace can become effective. We adopt the reasoning of the district court and affirm the grant of summary judgment in favor of Comdisco on the issue of liability.
 
 B.
 
 6
 Aerospace contends that in calculating damages under the Master Lease and Schedules, the district court erred in computing the amount of offset to which Aerospace was entitled as a result of Comdisco's sale of the furniture. We review a district court's findings of fact in support of a damage award for clear error. Saratoga Fishing Co. v. Marco Seattle, Inc., 69 F.3d 1432, 1437 (9th Cir.1995). We find that the district court did not err.
 
 
 7
 Comdisco sold the furniture governed by the Furniture Schedule to a third party. Under the remedies provision of the Master Lease, Comdisco was required to credit Aerospace with the difference between the cash price received at the sale and what the estimated fair market value would be at the expiration of the extended initial term, i.e., the sixth year. The district court adopted the opinion of Comdisco's expert that the fair market value of the furniture at the end of the sixth year would be the same as its fair market value at the end of the fifth year.
 
 
 8
 Aerospace argues that genuine issues of fact exist as to the fair market value of the furniture which preclude summary judgment. We reject this argument because the district court conducted a bench trial on damages under Rule 52, Fed.R.Civ.P.
 
 
 9
 Aerospace contends that the district court's findings on fair market value of the furniture in the sixth year were erroneous. The district court did not clearly err in adopting the conclusion of Comdisco's expert rather than that of Aerospace's expert.
 
 
 10
 When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 
 
 11
 Clady v. Los Angeles County, 770 F.2d 1421, 1431 (9th Cir.1985) (internal citations and quotations omitted), cert. denied, 475 U.S. 1109, 106 S.Ct. 1516, 89 L.Ed.2d 915 (1986).
 
 
 12
 The district court's resolution of conflicting expert testimony was reasonable.
 
 C.
 
 13
 Aerospace contends that the Master Lease and Schedules are disguised sales rather than true leases. We review de novo the district court's determination that agreements constitute true leases. Cf. Swift Dodge v. Commissioner, 692 F.2d 651, 652 (9th Cir.1982). We hold that the agreements are true leases.
 
 
 14
 Under Illinois law, if a lease states that at the end of its term the lessee has the option to become the owner of the property for a nominal consideration, then the lease is a disguised sale. In re Powers, 983 F.2d 88, 90 (7th Cir.1993); U.C.C. § 1-201(37). Here, the Schedules gave Aerospace the option to purchase the equipment under option (A) at "a mutually agreeable purchase price...." Thus, the Schedules do not provide a nominal option purchase price. In addition, an option to purchase at fair market value indicates that the consideration is not nominal. In re Marhoefer Packing Co., Inc., 674 F.2d 1139, 1146 (7th Cir.1982). There is no evidence that Aerospace had an option to purchase for less than fair market value.
 
 
 15
 Aerospace argues that because it did not have the right to terminate the agreements at any time the agreements are disguised sales. However, the case cited by Aerospace, Powers, held only that an agreement is a true lease when the lessee is free to terminate the lease at any time. Powers, 983 F.2d at 91. Powers does not hold that a lease than cannot be terminated at any time is necessarily a disguised sale. Id.
 
 
 16
 Under Illinois law, three factors are considered in determining whether an agreement is a true lease:
 
 
 17
 (1) whether the "lessee" is required to make aggregate rental payments to the "lessor" equalling the cost of the leased property plus interest; (2) whether the option price to purchase the leased equipment at the end of the "lease" is nominal; and (3) whether the lease term covers the total useful life of the equipment.
 
 
 18
 In re Hardy, 146 B.R. 206, 209 (Bankr.N.D.Ill.1992).
 
 
 19
 The application of these factors indicates that the agreements are true leases. First, we adopt the reasoning of the district court that Aerospace did not make an adequate showing that its total rental payments under the leases were substantially equivalent to the purchase price of the equipment plus a cost of money factor. Marhoefer, 674 F.2d at 1145. Second, the option price was not nominal. Third, "[w]here the term of the lease is substantially equal to the life of the leased property such that there will be nothing of value to return at the end of the lease, the transaction is in essence a sale." Marhoefer, 674 F.2d at 1145. The lease term did not cover the total useful life of the equipment because the furniture had a fair market value of $236,002 at the end of the fifth year, and the district court adopted Comdisco's expert testimony that the furniture would have the same value at the end of the sixth year. Thus, application of the three factors listed in Hardy indicates that the agreements are true leases.
 
 
 20
 Accordingly, we hold that the district court did not err in finding the Master Lease and Schedules to be true leases.
 
 D.
 
 21
 Comdisco contends that the district court erred in refusing to award 18% prejudgment interest, the amount stipulated in the Master Lease. The district court instead applied the 10% rate of prejudgment interest specified in California Civil Code Section 3289(b). The parties agree that California law applies to this issue. Although we believe the issue is a close one under California law, we find the district court's analysis to be sound and affirm.
 
 
 22
 Under California law,
 
 
 23
 [A] provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made.
 
 
 24
 Cal.Civil Code § 1671(b).
 
 
 25
 [A] contractual provision specifying damages for breach of contract is valid only if it represents the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained.
 
 
 26
 Howard v. Babcock, 6 Cal.4th 409, 425, 863 P.2d 150 (1993) (citations and internal quotations omitted).
 
 
 27
 Comdisco argued to the district court that at the time of execution of the Master Lease, about half of the 18% interest rate covered its cost of funds and the other half covered its administrative costs of collection. Aerospace responded that Comdisco did not have any administrative costs of collection because (i) the contract provides that Aerospace must pay the costs of resale of the equipment and (ii) Comdisco delegated the collection efforts to attorneys and the contract provides for recovery of attorneys' fees, and (iii) Comdisco recovered the equipment prior to the end of the extended initial term. In response, Comdisco did not submit any evidence regarding the administrative costs that it reasonably anticipated when it executed the Master Lease, and again provided only a general conclusory statement that it had internal administrative costs of collection both before and after retaining counsel.
 
 
 28
 In addition, because the 18% rate was negotiated only for the Master Lease, and no new rate was negotiated when the Schedules were subsequently negotiated, the damages provided in the Master Lease do not represent a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained. Howard, 6 Cal.4th at 425. Not only could Comdisco's cost of funds vary from schedule to schedule, but Comdisco's administrative cost of collection would also vary depending on the type of equipment involved.
 
 
 29
 Given the state of proof and considering all the circumstances of the case, the district court did not err in granting prejudgment interest at the rate of 10% per annum. Cal.Civil Code § 3289(b).
 
 E.
 
 30
 Comdisco contends that the district court erred in failing to award prejudgment interest from November 20, 1995, the date of the district court's partial decision on damages, to January 3, 1996, the date of judgment. We agree. Under California law, prejudgment interest accrues from the date of the breach of the contract "until the contract is superseded by a verdict or other new obligation." Cal.Civil Code § 3289(a). The contract was not superseded by a "verdict or other new obligation" until the date of judgment, January 3, 1996. The district court provides no explanation for its failure to award prejudgment interest from November 21, 1995 through January 3, 1996, and Aerospace provides no authority for such a failure.
 
 F.
 
 31
 Comdisco argues that the district court erred by deducting from the total damages award a "windfall" allegedly received by Comdisco due to its early sale of the furniture. We agree.
 
 
 32
 Comdisco sold the furniture prior to the expiration of the extended initial term. The district court was concerned that Comdisco received the use of such funds several months earlier than it would have if Aerospace had fully performed under the Furniture Schedule. Accordingly, the district court awarded a credit to Aerospace of $14,581.77, which represents Comdisco's cost of funds of 6.33% per annum interest from the sale date through the expiration of the extended initial term.
 
 
 33
 However, the Master Lease already provides a formula for preventing a windfall from the early return of the furniture. The Master Lease states that if Comdisco sells the returned equipment, Comdisco must credit Aerospace with the proceeds from the sale that exceed the fair market value at the end of the extended initial term. Aerospace was not entitled to a credit under the Master Lease formula because the fair market value of the furniture was the same at the time of sale as it was at the end of the extended initial term. This result does not empower the district court to create another damage formula to protect Aerospace. See Newcastle Properties, Inc. v. Shalowitz, 221 Ill.App.3d 716, 722, 582 N.E.2d 1165 (1991).
 
 
 34
 Aerospace argues that it did not "waive" its right to require Comdisco to mitigate its damages. We disagree. Aerospace entered into a contract specifically stating the measure of damages. Aerospace agreed to the following provision:
 
 
 35
 Except as set forth in this Section and to the extent permitted by applicable law, Lessee hereby waives any rights now or hereafter conferred by statute or otherwise ... which may otherwise limit or modify any of Lessor's rights or remedies.
 
 
 36
 When sophisticated parties to a commercial contract agree in advance to set a formula for mitigation of damages, Illinois courts enforce such an agreement. American National Bank & Trust v. Hoyne Industries, 738 F.Supp. 297, 301 (N.D.Ill.1990).
 
 
 37
 Accordingly, we reverse the district court's "windfall" credit to Aerospace.
 
 CONCLUSION
 
 38
 We affirm the district court's grant of summary judgment in favor of Comdisco. We find that the district court erred in failing to award prejudgment interest up to the date of judgment and in deducting a "windfall" from the damages due to Comdisco's early sale of the furniture. We affirm all other findings of the district court on damages. We remand the case to the district court to recalculate damages in accordance with this Memorandum. Comdisco is entitled to its attorneys' fees and costs of appeal pursuant to Master Lease section 13.2.
 
 
 39
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3