RONALD SHELBY *et al.*, Plaintiffs-Appellants, *v.* ERNEST HANKERSON *et al.*, Defendants-Appellees.

(No. 72-307;

Second District—March 26, 1974.

Robert Hoad and William A. Bomp, both of Rockford, for appellants.

Cannariato & Pigatti, of Rockford, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This action was brought by plaintiffs-buyers to recover damages for an alleged breach of a real-estate contract. The trial court heard the case without a jury and entered judgment for the defendants. Plaintiffs appeal.

On May 1, 1971, plaintiffs, Joan and Ronald Shelby, made a written "Offer to Purchase" certain lots from the defendants, Ernest and Lillian Hankerson. The defendants signed and accepted the offer on the same day. The parties attempted to modify the "Offer to Purchase" form into a real estate installment contract. As modified, it provided for a purchase price of $3750 for the lots, acknowledged the payment of $1000 as earnest money and provided that the balance should be paid in installments of $1000 every 6 months commencing May 1, 1971. It also provided that May 1, 1971, would be the "closing date" and the date on which sellers would deliver possession to buyers. The printed provisions of the contract required the sellers to furnish an abstract of title, or guaranty policy, or customary preliminary report on title within a reasonable time, and to convey the property to the buyers by warranty deed at the closing. It can thus be seen that the offer to purchase as modified was, in fact, ambiguous, but the intent of the parties to form a real estate installment contract was apparent.

On the same date, May 1, 1971, plaintiff-buyers made their first $1000 installment payment. On November 24, 1971, the plaintiffs first alleged breach of contract by defendants and demanded their money ($2000) back. Defendants refused and plaintiffs brought suit on February 23, 1972, to recover the $2000 as damages.

At trial, plaintiff-buyers alleged three separate breaches of the offer to purchase by the sellers: (1) the sellers failed to furnish an abstract of title, a merchantable title guaranty policy or a customary preliminary report of title within a reasonable time; (2) the sellers failed to convey the property by warranty deed at the time set for closing; (3) the sellers failed to transfer possession at the time set for closing.

At trial, defendants admitted that they had not given plaintiffs the abstract, the title, or possession. However, defendants testified that immediately after the signing of the offer to purchase, the plaintiffs and defendants had entered into negotiations about purchasing a different parcel of property in lieu of the property in the contract. Defendants also testified that plaintiffs never advised them to whom they were to send the abstract per their request. Defendants further testified that on No-

vember 6, after several discussions about the property, the plaintiff Mrs. Shelby finally told the defendant Mrs. Hankerson that she wanted the second property or her money back. On November 18, 1971, Mrs. Hankerson agreed to sell the second property to the plaintiffs in lieu of the contract property. She testified that Mr. Shelby said he would talk it over with his wife. Despite defendant-sellers willingness to continue the deal, plaintiff-buyers never contacted the sellers but filed suit for damages.

The plaintiff, Mr. Shelby, testified that he had some discussions with the defendant concerning the second property in November, but defendants refused to sell the property to him in lieu of the property in the contract.

At the close of the trial, defendants offered to sell either property to the plaintiffs for the contract price.

The trial court entered an order which gave plaintiffs the option of purchasing either property by paying $1750 due under the $3750 contract. The court further ordered that if plaintiffs did not exercise either option within 30 days, the $2000 already paid to the defendants should be retained by the defendants as liquidated damages. Plaintiffs did not exercise either option.

■■ Plaintiffs argue that the evidence produced at trial was legally insufficient to support the judgment entered for the defendants. They contend that the evidence produced at trial supported a finding of breach by the defendants and, therefore, a judgment for the plaintiffs should have been entered. The evidence as to what occurred subsequent to the signing of the offer to purchase, however, is conflicting. It is apparent from the trial court's order that the trial court believed the testimony of the defendant, Mrs. Hankerson. Where a cause is tried by a court without a jury, a determination of the credibility of witnesses is committed to the trial court. As a result, where the evidence is conflicting, a court of review will not disturb the trial court's factual findings unless they are against the manifest weight of the evidence. *Kurz v. Quincy Post No. 37, American Legion* (1972), 5 Ill.App.3d 412, 283 N.E.2d 8. See multitudinous cases to the effect cited in 3 Ill. Digest *Appeal and Error*, sec. 1011(1).

■■ After a careful examination of the record we find that the trial court's findings of fact were not against the manifest weight of the evidence. The defendants did not breach the contract. By entering into negotiations concerning the substitution of another property for the contracted property the plaintiff-buyers temporarily waived the defendant-sellers' duty to perform until the negotiations were completed. Thus, plaintiffs are now estopped from claiming that the defendants

breached the contract by failing to perform within the original time limit. (See *Imperator Realty Co. v. Tull* (Justice Cardozo concurring, 1920), 228 N.Y. 447, 127 N.E. 263.) After negotiations broke off, defendants' tendered performance was frustrated by the plaintiffs' refusal to fulfill the original contract.

■■ The trial court, however, has erred in its determination of the amount of liquidated damages. Under the provisions of the contract, the parties agreed that if the buyers should fail to perform, only the earnest money would be forfeited by the buyers as liquidated damages at the option of the sellers. As the earnest money paid was $1000, the court should have only awarded the defendants liquidated damages in the amount of $1000. Because the defendants may only keep as liquidated damages $1000 of the $2000 paid to them by the plaintiffs, the defendants must refund $1000 to the plaintiffs.

For the foregoing reasons, that part of the order of the trial court permitting the plaintiffs to purchase either property offered to them by the defendants is affirmed, and that portion of the order awarding liquidated damages to the defendants if the plaintiffs do not comply with the order is modified and remanded for entry of an order not inconsistent with this opinion.

Affirmed in part; modified in part and remanded with directions.

T. MORAN, P. J., and SEIDENFELD, J., concur.