· JOHN D. MORRIS *et al.*, Plaintiffs-Appellees, v. FRED FLORES *et al.*, Defendants-Appellants.

Second District No. 2—88—0121

Opinion filed September 12, 1988.

Timothy F. Kohn, of Edward G. Wells & Associates, of Palatine, for appellants.

Peter F. Carroll, of Steffen & Carroll, of Elgin, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiffs, John D. and Sharon K. Morris, filed suit in the circuit court of Kane County against defendants, Fred and Deborah Flores, seeking $2,100 in damages for breach of a real estate contract for the sale of plaintiffs' mobile home. Following a bench trial, the trial court found defendants in breach of the contract and assessed damages of $1,615 and costs of $133. Following denial of defendants' motion to reconsider, defendants filed this appeal.

The only issue raised on appeal is whether plaintiffs' damages are limited to the amount set forth in a liquidated damages clause of the real estate contract.

Briefly, the facts are as follows. On April 27, 1987, plaintiffs and defendants signed an agreement for the sale and purchase of plaintiffs' mobile home. The preprinted contract contains a liquidated damages clause which provides:

"If Purchaser defaults, all earnest money shall be forfeited and applied pursuant to the terms of the listing agreement, if any, and to the payment of any expenses incurred by Seller or his agents; and because of the difficulty of ascertaining the exact amount of actual damages sustained by Seller, it is agreed that Purchaser shall relinquish any and all monies deposited by him under this contract. Such monies shall be deemed to represent damages sustained, provided, however, that this provision with the respect to liquidated damages shall not be the exclusive remedy of Seller, and Seller shall retain all monies deposited without prejudice to his other remedies. If Seller defaults, the earnest money, at the option of Purchaser, shall be refunded to Purchaser, but such refunding shall not release Seller from his obligations under this contract nor foreclose the right of Purchaser to pursue other legal remedies."

Pursuant to the contract, defendants paid $100 as earnest money. Although defendants obtained the necessary financing, they failed to close the transaction. Plaintiffs subsequently sold the mobile home to a different purchaser.

Plaintiffs then filed their complaint in which they alleged that they suffered $1,400 in damages partially as a result of selling at a lower price than that agreed upon with defendants and also due in part to an increased broker's commission. Also, they claimed various other expenses totaling $700 as additional damages. The trial court found for plaintiffs and awarded damages in the amount of $1,615 and costs of $133.

On appeal, defendants contend that their damages should have been limited by the terms of the liquidated damages clause of the real estate sales contract to the amount of earnest money paid, which in this case was $100. Plaintiffs respond that the parties did not intend to limit damages for breach by the purchasers to the earnest money, and, therefore, they could recover actual damages.

 Courts will generally enforce a liquidated damages provision in a real estate contract where it can be shown (1) that the parties intended to establish an agreed upon amount of damages in the event of a breach; (2) that the amount provided as liquidated damages was reasonable at the time of contracting and bears some relation to the actual damages which might be sustained; and (3) that the actual damages would be difficult to prove and uncertain in amount. (*Curtin v. Ogborn* (1979), 75 Ill. App. 3d 549, 554-55, 394 N.E.2d 593.) Furthermore, in the event of a default by a buyer, any earnest money may be retained by the seller without reference to any resulting actual damages, but the seller is not entitled to any additional recovery. (*Curtin*, 75 Ill. App. 3d at 555, 394 N.E.2d at 598; see *Shelby v. Hankerson* (1974), 17 Ill. App. 3d 1040, 1043, 309 N.E.2d 115.) Whether a provision for damages is a penalty clause or a liquidated damages clause is a question of law. *Weiss v. United States Fidelity & Guaranty Co.* (1921), 300 Ill. 11, 16, 132 N.E. 749; *M.I.G. Investments, Inc. v. Marsala* (1981), 92 Ill. App. 3d 400, 406, 414 N.E.2d 1381.

 In this case, the contract contains a liquidated damages clause which provides, in substance, that in the event of a default by the purchasers, the purchasers shall relinquish all money deposited under the contract. Pursuant to this clause, all money forfeited shall be deemed to represent damages sustained, but the seller may still pursue other remedies. Construction of the terms of a contract ordinarily presents an issue of law for the court. (*Lenzi v. Morkin* (1984), 103 Ill. 2d 290, 293, 469 N.E.2d 178.) Furthermore, the court must make the initial determination of whether contract language is ambiguous or not as a matter of law. (*La Salle National Bank v. Illinois Housing Development Authority* (1986), 148 Ill. App. 3d 158, 162, 498 N.E.2d 697.) In the absence of an ambiguity, a court should look to

the language of the contract itself in ascertaining the intention of the parties and not to the construction placed upon it by the parties. (*Morkin*, 103 Ill. 2d at 293.) A contract term is ambiguous when it is reasonably capable of being understood in more than one way. (*Zurich Midwest, Inc. v. St. Paul Fire & Marine Insurance Co.* (1987), 159 Ill. App. 3d 961, 963, 513 N.E.2d 59; *L. K. Comstock & Co. v. The Morse/UBM Joint Venture* (1987), 153 Ill. App. 3d 475, 480, 505 N.E.2d 1253.) The mere fact that the parties take divergent views of the meaning of the contract language does not create an ambiguity. *Zurich Midwest*, 159 Ill. App. 3d at 963, 513 N.E.2d at 60; *L. K. Comstock*, 153 Ill. App. 3d at 480, 505 N.E.2d at 1256-57.

■ Here, the liquidated damages clause is clear and unambiguous. Parol evidence could not be introduced to ascertain the intent of the clause as argued by plaintiff. The liquidated damages clause provides that in the event of default by the buyers, damages will be limited to the relinquishment of all money deposited, including earnest money. While the contract does provide that the seller may retain the liquidated damages without prejudice to his "other" remedies, the "other" remedies refers to rights of a kind and character other than money damages. (See *In re Klemen* (N.D. Ill. 1982), 22 Bankr. 757, 761.) It would be inconsistent to provide in the contract for liquidated damages and also allow a party to pursue other remedies for money damages. The contract here did not provide that the seller, at his option, could elect not to accept liquidated damages and pursue all other legal remedies. The only money deposited by the defendants was the $100 in earnest money. Thus, plaintiffs were limited, by the express terms of the real estate sales contract, to the $100 as monetary compensation for their damages.

■ Plaintiffs' reliance on *SSA Foods, Inc. v. Giannotti* (1982), 105 Ill. App. 3d 424, 434 N.E.2d 460, is misplaced because there the court addressed the issue of whether a liquidated damages provision barred plaintiff from seeking a separate remedy, in that case an injunction. As discussed above, the liquidated damages clause in this case did not prevent plaintiffs from seeking remedies other than money damages, such as injunctive relief. See *Bauer v. Sawyer* (1956), 8 Ill. 2d 351, 358, 134 N.E.2d 329.

The judgment of the circuit court of Kane County awarding plaintiffs damages of $1,615 and $133 in costs is reversed.

Reversed.

WOODWARD and NASH, JJ., concur.