SECOND DIVISION
May 18, 2010

No. 1-09-2567

| | | |
|---|---|---|
| DOROTHEA L. BERGGREN, as Trustee | ) | Appeal from |
| Under Declaration of Trust Dated November | ) | the Circuit Court |
| 21, 2003 and Known as the Dorothea L. | ) | of Cook County. |
| Berggren Revocable Trust, as Amended, as | ) | |
| Assignee, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | No. 09 CH 16420 |
| | ) | |
| v. | ) | |
| | ) | |
| EMILY J. HILL, and EMILY J. HILL, as | ) | |
| Trustee of the Estate of Roger Hill, | ) | Honorable |
| | ) | Daniel A. Riley, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Dorothea L. Berggren appeals from the circuit court's order dismissing her claims against defendants Emily J. Hill and Emily J. Hill, as trustee of the estate of Roger Hill, for breach of a contract for the sale of real estate. Plaintiff filed a two-count complaint that contained one prayer for relief. In count I, plaintiff asserted a claim for specific performance of the contract for sale of the property. In count II, plaintiff alleged that she sustained actual damages for costs such as real estate taxes, insurance and maintenance. Plaintiff initially sought relief in the form of an order directing defendants to fulfill their obligations pursuant to the contract, including paying

plaintiff the full purchase price, and awarding her actual damages. The circuit court dismissed plaintiff's claims and plaintiff timely appealed. After plaintiff filed the notice of appeal, however, she sold the property that was the subject of her claims. We find that plaintiff abandoned her claim for specific performance and that the liquidated damages provision in the contract precludes an award for actual damages. Therefore, we affirm.

BACKGROUND

The relevant facts are not in dispute. Plaintiff entered into a contract on June 23, 2008, with Emily Hill and her husband Roger Hill, who subsequently passed away, pursuant to which they were to buy a condominium from plaintiff for $1,650,000. The closing date was set for February 12, 2009. Upon the Hills' execution of the contract, they deposited a personal check for $1,000 with the listing broker as the initial earnest money. According to the form contract, the earnest money was to be increased to 10% of the purchase price within two business days after the expiration of the attorney approval period. The parties crossed out the preprinted "10%" and wrote in by hand "5%."[1] The Hills subsequently increased the earnest money as required by the contract.

General provision E of the contract governs the disposition of the earnest money in the event of a default. It states, in relevant part:

"Disposition of Earnest Money. In the event of default by Buyer, the Earnest

Money, less expenses and commission of the listing broker, shall be paid to Seller.

---

[1] The contract states that the initial earnest money shall be increased to 5% of the purchase price, which would equal a total of $82,500. The parties, however, each state in their briefs to this court that the amount of the final earnest money was $81,500.

If Seller defaults, the Earnest Money, at the option of Buyer, shall be refunded to Buyer, but such refunding shall not release Seller from the obligations of this Contract."

The parties subsequently entered into a letter agreement to modify general provision E:

"General Provisions, Paragraph E ('Disposition of Earnest Money') shall be revised to replace 'In the event of default by Buyer, the Earnest Money, less expenses and commission of the listing broker, shall be paid to Seller' with 'In the event of default by Buyer, the Earnest Money shall be paid to Seller.' "

The parties also entered into a letter agreement extending the closing date until April 30, 2009. However, by letter dated April 3, 2009, defendants informed plaintiff that they would not purchase the property and, in fact, defendants did not close the transaction.

Plaintiff filed her complaint for breach of contract. Although defendants did not file an answer and counterclaim, they moved to dismiss the complaint pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2006)) and requested relief from the circuit court in the form of an order: (1) finding liquidated damages were equal to $81,500; (2) awarding that sum to plaintiff as her damages; and (3) dismissing plaintiff's complaint. In response, plaintiff argued that provision E was not an exclusive remedy. The court granted defendants' motion and dismissed plaintiff's complaint. Despite the fact that the order dismissed all counts with respect to all parties, the order contained a statement that "[t]here is no just cause to delay the enforcement of or appeal from this order."

1-09-2567

Plaintiff filed a timely notice of appeal from this order and asserted that this court has jurisdiction to review the order pursuant to Supreme Court Rule 304(a) or, alternatively, Rule 303. 210 Ill. 2d Rs. 303, 304. Defendants moved to dismiss the appeal as moot because plaintiff sold the property that was the subject of her claim for specific performance. In opposition, plaintiff conceded that specific performance is no longer available to her as a remedy and, for the first time, argued that her claim for actual damages included a claim for the difference between the contract price and the subsequent lower sale price.[2] This court denied defendants' motion to dismiss the appeal.

Defendants then filed their response brief in which they argued that: (1) retention of the earnest money is plaintiff's sole contractual remedy; (2) specific performance is no longer available because plaintiff has sold the property; and (3) provision E is a valid liquidated damages provision. In reply, plaintiff admitted that her sale of the property "came to light" when defendants moved to dismiss the appeal, but argued that: (1) the trial court erroneously treated provision E as liquidated damages; and (2) the contract is ambiguous because the parties have presented conflicting interpretations of one provision and, therefore, the issues could not be resolved on a motion to dismiss.

---

[2] Although plaintiff did not provide this court with the full details, it appears that she sold the property before she filed her initial brief on appeal. Defendants filed as an exhibit to their response brief an affidavit with a copy of a deed transferring the property to a third party. The deed is dated November 12, 2009, which is about five weeks before plaintiff filed her brief. Despite the fact that plaintiff had sold the property, she filed her initial brief on December 21, 2009, and argued that specific performance was available as a remedy.

4

1-09-2567

ANALYSIS

Before we consider the merits of plaintiff's appeal, we must determine whether jurisdiction is proper. People v. Smith, 228 Ill. 2d 95, 104 (2008). Plaintiff's complaint contains two claims against defendants, both of which were dismissed on defendants' section 2-619(a)(9) motion to dismiss. Therefore, this court has jurisdiction to review the order in this case because it is a final order disposing of all claims against all parties. 155 Ill. 2d R. 301; 210 Ill. 2d R. 303; In re Estate of French, 166 Ill. 2d 95, 101 (1995). The inclusion of the language to satisfy Rule 304 is mere surplusage because there were no claims left for the circuit court to adjudicate.

This court reviews *de novo* a grant of dismissal pursuant to section 2-619. Doe v. Diocese of Dallas, 234 Ill. 2d 393, 396 (2009). A motion to dismiss under section 2-619(a)(9) asserts that plaintiff's claims against the defendant are "barred by other affirmative matter avoiding the legal effect of or defeating the claim[s]." 735 ILCS 5/2-619(a)(9) (West 2006); see also Diocese of Dallas, 234 Ill. 2d at 396. When reviewing an order granting dismissal on this basis, we may consider "all facts presented in the pleadings, affidavits, and depositions found in the record." Diocese of Dallas, 234 Ill. 2d at 396. "The pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party." Diocese of Dallas, 234 Ill. 2d at 396.

Plaintiff abandoned her appeal of the dismissal of count I for specific performance because she admitted that the remedy of specific performance is no longer available to her as a result of her sale of the property. Although plaintiff has not abandoned her appeal of the dismissal of count II, she has, however, forfeited two of her arguments. First, she forfeited the argument that her

5

claim for actual damages includes the $425,000 difference between the contract price and the subsequent sale price because she did not raise this in her initial brief. 210 Ill. 2d R. 341(h)(7); Halpin v. Schultz, 234 Ill. 2d 381, 390 (2009). Plaintiff also forfeited the argument that the contract was ambiguous because she did not raise this until her reply brief. 210 Ill. 2d R. 341(h)(7). Finally, we can also dispense with plaintiff's remaining claim for actual damages for her expenses such as taxes, insurance and maintenance.

In the absence of an express provision to the contrary, a provision for the forfeiture of earnest money will be construed as a liquidated damages clause. Bamberg v. Griffin, 76 Ill. App. 3d 138, 144 (1979). "Liquidated damages clauses do not limit a non-defaulting [sic] party's remedies, but instead provide an agreed upon measure of damages." Siegel v. Levy Organization Development Co., 182 Ill. App. 3d 859, 861 (1989). The nondefaulting party may choose not to demand the "amount or remedy set forth in the liquidated damages clause," but the failure to demand the contractual right "does not create rights greater than those bargained for." Siegel, 182 Ill. App. 3d at 861. "If the non-defaulting [sic] party chooses to reject the liquidated damages clause, he does not have the right to seek a greater measure of damages than the amount bargained for." Siegel, 182 Ill. App. 3d at 861. Parties to real estate transactions often include a liquidated damages provision "to avoid the difficulty of ascertaining and proving damages by such methods as market value, resale value or otherwise." Siegel, 182 Ill. App. 3d at 861. Liquidated damages provisions are enforceable unless they are determined to be a penalty. Siegel, 182 Ill. App. 3d 861.

6

Whether a provision is a valid liquidated damages clause is a question of law. Morris v. Flores, 174 Ill. App. 3d 504, 506 (1988).

> "Courts will generally enforce a liquidated damages provision in a real estate contract where it can be shown (1) that the parties intended to establish an agreed upon amount of damages in the event of a breach; (2) that the amount provided as liquidated damages was reasonable at the time of contracting and bears some relation to the actual damages which might be sustained; and (3) that the actual damages would be difficult to prove and uncertain in amount." Morris, 174 Ill. App. 3d at 506.

The fact that the amount of liquidated damages stated in the provision does not equal a party's subsequent damages is not determinative of whether the provision is valid and enforceable. Siegel, 182 Ill. App. 3d at 862. Provision E satisfies this three-part test and, therefore, it is enforceable.

This court previously has upheld liquidated damages provisions as a seller's sole monetary remedy in factually similar cases. For example, in Siegel, the parties entered into a contract for the sale of a condominium for $1.6 million with a deposit of earnest money equal to 20% of the purchase price. Siegel, 182 Ill. App. 3d at 860. The buyer breached the contract and did not close the transaction. Siegel, 182 Ill. App. 3d at 860. The seller retained the earnest money and transferred the rights to the property to a third party, which eventually sold the unit to another purchaser for a significantly lower purchase price. Siegel, 182 Ill. App. 3d at 860-61. The buyer sued to recover his earnest money and the third party filed a counterclaim for $405,157, which

represented the difference between the purchase price in the contract and the subsequent lower sale price (after allowing the buyer credit for the retained earnest money). Siegel, 182 Ill. App. 3d at 861. The circuit court dismissed the third party's counterclaim on the basis that the liquidated damages clause limited the seller's recovery to the earnest money. Siegel, 182 Ill. App. 3d at 861. This court affirmed and stated that the amount of the earnest money was reasonable in light of the losses that could be anticipated at the time of contracting and that it was reasonable for the parties to bargain for the inclusion of a liquidated damages clause to avoid the difficulty of ascertaining losses in the event of a breach. Siegel, 182 Ill. App. 3d at 862.

Similarly, in Morris, this court reversed the circuit court's award of monetary damages in addition to the retention of the earnest money, even though the contract specified that the liquidated damages provision " 'shall not be the exclusive remedy of Seller, and Seller shall retain all monies deposited without prejudice to his other remedies.' " Morris, 174 Ill. App. 3d at 505. This court stated that "[i]t would be inconsistent to provide in the contract for liquidated damages and also allow a party to pursue other remedies for money damages." Morris, 174 Ill. App. 3d at 507. The court held that although the contract prohibited the seller from recovering actual money damages greater than the amount of the liquidated damages, the seller could pursue "remedies other than money damages, such as injunctive relief." Morris, 174 Ill. App. 3d at 507.

In Curtain v. Ogborn, the seller and buyer deleted a portion of the earnest money provision in a form contract regarding the liability for the broker's fee and inserted a negotiated typewritten provision. Curtain v. Ogborn, 75 Ill. App. 3d 549, 555 (1979). The court found that this demonstrated their intent that the amount specified in the clause would constitute liquidated

damages and found that the liquidated damages amount of just under 10% was reasonable. Curtain, 75 Ill. App. 3d at 555. The court held that the seller was not entitled to additional money damages because "a seller is not entitled to any recovery in addition to the liquidated damages." Curtain, 75 Ill. App. 3d at 599.

Here, both parties were represented by counsel during the negotiations. The seller and buyers modified the preprinted language of provision E through a letter agreement removing the language regarding seller's obligation to pay the listing broker's expenses and fees out of the earnest money and replacing it with language that upon buyers' default, the earnest money "shall be paid" to plaintiff. Provision E did not give plaintiff the option of retaining the earnest money or pursuing other damages. See, *e.g.*, Grossinger Motorcorp, Inc. v. American National Bank & Trust Co., 240 Ill. App. 3d 737, 750 (1993) (stating that "the optional nature of the liquidated damages clause shows that the parties never intended to establish a specific sum to constitute damages in the event of a breach" and holding that such a clause was unenforceable because it would only be invoked as a penalty when the liquidated damages exceeded the actual damages). Further, the parties agreed to reduce the amount of the earnest money from 10% of the purchase price, as stated in the form contract, to 5% of the purchase price. When considered in the light most favorable to plaintiff, these facts indicate that at the time of contracting, the parties intended the earnest money to be liquidated damages in the event of defendants' breach. The amount of 5% of the purchase price was reasonable at the time the parties signed the contract, and the fact that plaintiff subsequently sold the property for a lower price does not change that analysis. Finally, at the time of contracting, the potential damages to either party were uncertain and it was

reasonable for them to bargain over the terms of provision E to avoid the difficulty of ascertaining losses in the event of a breach, especially given the nearly eight-month span between the signing of the contract and the initial closing date. Therefore, provision E is enforceable and precludes plaintiff's claim for actual damages.

CONCLUSION

For the foregoing reasons, we find that plaintiff abandoned her appeal of the dismissal of count I for specific performance and that provision E precludes her claim in count II for actual damages. Therefore, we affirm the circuit court's dismissal of plaintiff's complaint.

Affirmed.

CUNNINGHAM, P.J., and KARNEZIS, J., concur.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

DOROTHEA L. BERGGREN, as Trustee Under
Declaration of Trust Dated November 21, 2003 and Known
as the Dorothea L. Berggren Revocable Trust, as Amended,
as Assignee,

        Plaintiff-Appellant,

    v.

EMILY J. HILL, and EMILY J. HILL, as Trustee of the
Estate of Roger Hill,

        Defendants-Appellees.

---

No. 1-09-2567

Appellate Court of Illinois
First District, Second Division

Filed: May 18, 2010

---

**JUSTICE THEIS delivered the opinion of the court.**

Cunningham, P.J., and Karnezis, J., concur.

---

Appeal from the Circuit Court of Cook County
Honorable Daniel A. Riley, Judge Presiding

---

| For PLAINTIFF-APPELLANT: | Warren Lupel<br>Jonathan L. Loew<br>Lupel Weininger LLP<br>30 North LaSalle Street<br>Suite 3520<br>Chicago, Illinois 60602 | For DEFENDANTS-APPELLEES: | Leo G. Aubel<br>Deutsch, Levy & Engel, Chtd.<br>225 West Washington Street<br>Suite 1700<br>Chicago, Illinois 60606 |
| --- | --- | --- | --- |