NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 6, 2015[*]
Decided November 12, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1498

| | |
|---|---|
| AARON J. DOUGLAS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v*. | |
| | No. 14 C 7244 |
| UNIVERSITY OF CHICAGO, | |
| *Defendant-Appellee*. | Manish S. Shah, *Judge*. |

### O R D E R

Aaron Douglas, a retired economist who has never been employed by the University of Chicago, sued the university under Title VII of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e-2(a)(2) and (*l*), for race discrimination in employment, alleging that the university discriminatorily "interfered" with his prospective employment opportunities when it declined to publish an article he had submitted to its *Journal of Political Economy.* He also alleged that the university's article-selection process

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See Fed. R. App. P. 34(a)(2)(C).

administered a racially biased "employment-related test," also in violation of Title VII. The district court dismissed the complaint for failure to state a claim, and we affirm.

Because this lawsuit was dismissed on the complaint, we accept Douglas's factual allegations as true for purposes of this appeal. See *Vinson v. Vermilion County*, 776 F.3d 924, 925 (7th Cir. 2015). Douglas is African American and American Indian and worked for nearly three decades as a research natural resource economist for the United States Department of the Interior until retiring in 2011. In 2014 he submitted an article for consideration to the *Journal of Political Economy* but the article was rejected. This rejection, he says, reflects the university's longstanding practice of discriminating against African and African-American scholars and "interfered" with his ability to be hired by other employers. He has never applied to work at the University of Chicago itself, but the *Journal* did publish an article that he co-authored in the late 1960s with a white professor.

Douglas sued, but the district court granted the university's motion to dismiss for failure to state a claim for relief. Douglas, the court explained, not only conceded that he lacked an employment relationship with the university but also failed to allege any "connection between the University's actions and any employer or prospective employer," as necessary to state a Title VII claim. And because the university does not meet Title VII's definition of a "respondent," the court added, it could not be liable under 42 U.S.C. § 2000e-2(*l*) for administering a biased employment-related test.

On appeal Douglas continues to press an interference theory of employment discrimination, under which a plaintiff sues one employer for interfering with his or her employment prospects or relationships with other employers. This theory has divided the circuits. Compare *Christopher v. Stouder Memorial Hospital*, 936 F.2d 870, 875 (6th Cir. 1991), *Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291, 295 (11th Cir. 1988), *Gomez v. Alexian Brothers Hospital of San Jose*, 698 F.2d 1019, 1021 (9th Cir. 1983), and *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338, 1341 (D.C. Cir. 1973) (all recognizing such a theory), with *Lopez v. Massachusetts*, 588 F.3d 69, 89 (1st Cir. 2009), and *Gulino v. New York State Education Dep't*, 460 F.3d 361, 374–76 (2d Cir. 2006) (both rejecting theory). We have not taken a definitive position on the theory, and we need not do so in this case. Even if the interference theory is valid, Douglas has failed to state a claim under even its most expansive versions. He has not plausibly alleged that the university journal's decisions about which articles to publish controlled any of his potential employment relationships to such an extent as to trigger the theory's application. See *EEOC v. Illinois*, 69 F.3d 167, 169 (7th Cir. 1995) (courts that accept interference theory apply it only when "the defendant so far controlled the plaintiff's employment relationship that it was

appropriate to regard the defendant as the de facto or indirect employer of the plaintiff").

Douglas also challenges the district court's rejection of his claim that the university's process for selecting articles for publication involves a biased employment-related test, which is prohibited by Title VII. See 42 U.S.C. § 2000e-2(*l*); *Dean v. City of Shreveport*, 438 F.3d 448, 462 (5th Cir. 2006). But this statutory provision applies only "in connection with the selection or referral of applicants or candidates for employment or promotion." 42 U.S.C. § 2000e-2(*l*). Douglas concedes that he never applied for employment at the university and did not ask for a referral elsewhere.

Finally, Douglas argues that the district court erred by striking his amended complaint, which he tried to file more than two months before his case was dismissed. See *Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) (discussing liberal approach to allowing amended pleadings under Fed. R. Civ. P. 15(a), even after Rule 12(b)(6) motion has been filed). A plaintiff is ordinarily entitled to at least one opportunity to try to correct errors before a case is dismissed with prejudice for failure to state a claim. We find no prejudicial error in this case, however. Douglas's amended complaint merely rehashed the contents of his brief opposing the university's motion to dismiss. The amended complaint did not fix any of the flaws in the original complaint. See *Hongbo Han v. United Cont'l Holdings, Inc.*, 762 F.3d 598, 603 (7th Cir. 2014). The district court did not ignore the proposed amendment but instead considered the merits, and the amended complaint also failed to state a viable claim for relief.

AFFIRMED.